UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA

v.   No. 3:22-CR-14
     Varlan/McCook

DAVID HENDERSON

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS THE INDICTMENT**

---

**I. Introduction**

This Memorandum of Law is filed in support of David Henderson's Motion to Dismiss the Indictment for failure to state an offense. Mr. Henderson is charged with a conspiracy to commit theft of federal program funds in violation of 18 U.S.C. §§ 666(a)(1)(A) and 371. The Indictment, however, fails to include a necessary legal element, and thus fails to state an offense. The Indictment in this case is twenty-one pages long and includes a litany of allegations against Mr. Henderson. The sole count of the Indictment alleges as follows:

> Between in or around 2011, and continuing uninterrupted to in or about September, 2018, in the Eastern District of Tennessee and elsewhere, the defendant, DAVID HENDERSON, together with other unindicted co-conspirators, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit an offense against the United States—that is, the theft of federal program funds under 18 U.S.C. § 666(a)(1)(A)--in violation of 18 U.S.C. § 371.

(ECF 3, PageID# 5). Because the Indictment fails to allege the essential element that property valued at $5,000.00 or more was stolen or otherwise misappropriated in any one year period, it must be dismissed.

## II. Law and Argument

The Fifth Amendment to the United States Constitution states that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" Similarly, the Sixth Amendment to the United States Constitution provides that ""[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and the cause of the accusations." Federal Rule of Criminal Procedure 7(c)(1), consistent with these constitutional principles, states that an "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The United States Supreme Court has held that an indictment complies with all of these requirements if it (1) "contains the elements of the offense charged," (2) "fairly informs a defendant of the charge against which he must defend" and (3) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974).

In general, an indictment is deemed sufficient "if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *United States v. Middleton*, 246 F.3d 825, 841 (6th Cir. 2001) (quoting *United States v. Monus,* 128 F.3d 376, 388 (6th Cir.1997)). A motion to dismiss for failure to state an offense requires the court to "simply look to the facts alleged and determine whether those facts, if proved would establish *prima facie*, the defendant's commission of the crime." *United States v. Collins*, 2017 WL 9538521 at *3 (W.D. Tenn. May 18, 2017) (citations omitted).

The essential elements of a conspiracy under 18 U.S.C. §371 are: (1) that the conspiracy described in the indictment was willfully formed, and was existing at or about the time alleged; (2) that the accused willfully became a member of the conspiracy; (3) that one of the conspirators

thereafter knowingly committed at least one of the overt acts charged in the indictment, at or about the time and place alleged; and (4) that such overt act was knowingly done in furtherance of some object or purpose of the conspiracy as charged. *U.S. v. Sturmam*, 951 F.2d 1466, 1474 (6th Cir. 1991) (quoting *U.S. v. Meyers*, 646 F.2d 1142, 1143-44 (6th Cir. 1981)). In order to sustain a conviction under 18 U.S.C. § 666(a)(1)(A), the government must prove: (1) that the defendant was an agent of a state, local, or tribal government or agency; (2) the defendant embezzled, stole, fraudulently obtained or without authority knowingly converted property worth at least $5,000.00 or more which was under the control, care or supervision of the government or agency; and (3) the government or agency received in excess of $10,000.00 in federal funds in any one year period. *U.S. v. Valentine*, 63 F.3d 459, 462 (1995).

In *United States v. Valentine*, 63 F.3d 459 (6th Cir. 1995), the Sixth Circuit Court of Appeals addressed "whether § 666(a)(1)(A)(i) of the statute criminalizes multiple conversions of less than $5,000, if more than one year is needed to reach the $5,000 statutory minimum. *Id.* at 462. In *Valentine*, like here, the indictment did not separate incidents of theft by the year in which they occurred. *Id.* at 463. The Court concluded that, in addition to the monetary threshold, subsection (b) included the temporal limitation that the agency must receive benefits greater than $10,000.00 in any one year. *Id.* The term "any one year period" is defined as "a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. 18 U.S.C. § 666(d)(5). The Court held that "[t]he interrelationship between subsections (a) and (b) of the statute mandate that a one-year limitation likewise attaches to the $5,000 threshold requirement." *Valentine*, 63 F.3d at 463.

In the instant case, the relevant parts of the Indictment alleges the following:

> From in or around 2011 and continuing uninterrupted to in or around September 2018, DAVID HENDERSON was the Chief of the KCSO Narcotics Unit ("Narcotics Unit"). (ECF 3. Page ID 3, ¶ 5).
>
> At all time relevant to this Indictment, DAVID HENDERSON had supervisory authority over all KCSO officers who worked in the Narcotics Unit. *Id.* at ¶ 6.
>
> Between in or around 2011, and continuing uninterrupted to in or about September, 2018, in the Eastern District of Tennessee and elsewhere, the defendant, DAVID HENDERSON, together with other unindicted co-conspirators, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit an offense against the United States—that is, the theft of federal program funds under 18 U.S.C. § 666(a)(1)(A)--in violation of 18 U.S.C. § 371. (ECF 3, PageID# 5).
>
> At all times material to this Indictment, as an agency of the Knox County government, the KCSO received more than $10,000 per year in federal grant funds. (ECF 3. Page ID 3, ¶ 4).

In 21 pages, the Indictment fails to allege that property worth at least $5,000.00 or more was taken during a specific one year period. The conduct in the Indictment, as alleged, fails to state an offense.

The legislative history shows that Congress enacted § 666 "to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery." *United States v. Keen, 676 F.3d 981, 990 (11th Cir.2012) (quoting S.Rep.* No. 98–225, at 370 (1983), as reprinted in 1984 U.S.C.C.A.N. 3182, 3511). "Congress recognized that the statute constituted a significant intrusion of federal law enforcement into traditional areas of local concern; thus, it made the new statute applicable only to crimes involving substantial sums of money." *U.S. v. Webb*, 691 F.Supp 1164, 1168 (N.D.IL Aug. 3, 1988). Theft or misappropriation of smaller amounts of money were meant to remain within the jurisdiction of the States. Congress clearly and unambiguously limited federal jurisdiction by including both

temporal and financial limitations to the statute. *U.S. v. Valentine*, 63 F.3d at 463. By including these limitations, Congress intended that only the most serious instances of governmental corruption should be covered by this statute. *U.S. v. Mills,* 140 F.3d 630, 632 (6th Cir. 1998).

The Indictment in this case fails to allege any dates that would establish a one year period in which $5,000.00 or more worth of property was stolen or otherwise taken without authority. The Indictment fails to allege that $5,000.00 or more worth of property was ever stolen, or otherwise taken without authority, in a one year period. Accordingly, the government has not given adequate notice to Mr. Henderson as to the charges he must defend against. Because the Indictment fails to allege essential elements, i.e. temporal and financial elements, Mr. Henderson would be unable to make double jeopardy arguments should he be tried for the same offense in the future.

### III. Conclusion

For the foregoing reasons, the Indictment should be dismissed because it fails to allege an essential element of the offense.

Respectfully submitted on April 29, 2022.

> s/ Robert R. Kurtz
> Robert R. Kurtz
> BPR No. 20832
> 422 S. Gay St., Ste. 301
> Knoxville, TN 37902
> 865-522-9942
> rrkurtz@gmail.com