UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA

v.  No. 3:22-CR-14
 Varlan/McCook

DAVID HENDERSON

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS INDICTMENT
BASED ON DUPLICITY**

---

**I. Introduction**

This Memorandum of Law is filed in support of David Henderson's Motion to Dismiss Indictment Based on Duplicity. Mr. Henderson is charged with a conspiracy to commit theft of federal program funds in violation of 18 U.S.C. §§ 666(a)(1)(A) and 371. The Indictment in this case is twenty-one pages long and includes a litany of allegations against Mr. Henderson. The Indictment alleges as follows:

> Between in or around 2011, and continuing uninterrupted to in or about September, 2018, in the Eastern District of Tennessee and elsewhere, the defendant, DAVID HENDERSON, together with other unindicted co-conspirators, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit an offense against the United States—that is, the theft of federal program funds under 18 U.S.C. § 666(a)(1)(A)--in violation of 18 U.S.C. § 371.

(ECF 3, PageID# 5). The Indictment fails to allege that property valued at $5,000.00 or more was stolen or otherwise misappropriated in any one year period. Instead, the Indictment aggregates the value of property alleged to have been stolen or otherwise misappropriated over a

period of approximately 93 months without alleging that such property was taken in a one year period. In short, the Indictment alleges multiple conspiracies in one count.

## II. Law and Argument

In the Sixth Circuit, duplicity is the joining of two or more separate offenses into a single count of the indictment. *United States v. Hood*, 210 F.3d 660, 662 (6th Cir. 2000). "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002). The primary problem with duplicitous counts is that the jury may not arrive at a unanimous verdict on a specific count. *United States v. Washington,* 127 F.3d 510, 513 (6th Cir. 1997). Other adverse effects on a defendant "may include improper notice of the charges against him, in sentencing, in limiting review on appeal, and in exposure to double jeopardy." *United States v. Duncan*, 850 F.2d 1104, 1108 n.4, (6th Cir. 1988).

A duplicitous charge further prejudices the Defendant at trial because evidentiary rulings permitting evidence to come in as to one of the separate offenses may be inadmissible on another. *See United States v. Pavloski*, 574 F. 2d 933, 936 (7th Cir. 1978); *United States v. UCO Oil Company*, 546 F. 2d 833, 835 (9th Cir. 1976). As a general rule, duplicitous conspiracy charges are impermissible. *See Kotteakos v. United States*, 328 U.S. 750 (1946). The rationale for dismissing a single conspiracy count which contains multiple conspiracies is based upon the same concept of impermissible variance of proof. *See Stirone v. United States,* 361 U.S. 212 (1960). Duplicitous indictments can prevent jurors from acquitting on a particular charge because they decide to convict on another charge which is improperly lumped together in a single count. When this occurs, it is impossible to determine whether all twelve jurors

unanimously agree that the Defendant committed even one of the separate offenses contained within the duplicitous count. *UCO Oil Company*, 546 F. 2d 833.

In *United States v. Valentine*, 63 F.3d 459 (6th Cir. 1995), the Sixth Circuit Court of Appeals addressed "whether § 666(a)(1)(A)(i) of the statute criminalizes multiple conversions of less than $5,000, if more than one year is needed to reach the $5,000 statutory minimum. *Id.* at 462. In *Valentine*, like here, the indictment did not separate incidents of theft by the year in which they occurred. *Id.* at 463. The Court concluded that, in addition to the monetary threshold, subsection (b) included the temporal limitation that the agency must receive benefits greater than $10,000.00 in any one year. *Id.*

The term "any one year period" is defined as "a continuous period that commences no earlier than twelve months before the commission of the offense or that ends no later than twelve months after the commission of the offense. 18 U.S.C. § 666(d)(5). Based on this language, the Court held that "[t]he interrelationship between subsections (a) and (b) of the statute mandate that a one-year limitation likewise attaches to the $5,000 threshold requirement." *Valentine*, 63 F.3d at 463, *See also United States v. Hines*, 541 F.3d 833, 837 (8th Cir. 2008) ("Significant longstanding schemes that extend for longer than one year . . . may be charged in multiple counts so long as the $5,000 requirement is met in each one-year time period."). The Court in *Valentine* also reviewed the legislative history relevant to the statute:

> Again, nothing in the legislative history shows that Congress intended to reach theft of insignificant amounts by allowing the government to aggregate conduct over an indefinite, expansive period of time. Accordingly, we hold that a natural reading of the statute requires the $5,000 theft to occur during a one-year period. Here, the indictment improperly included numerous incidents of theft over a three-year period as did the evidence presented at trial, and for this reason, neither defendant's conviction on Count One or Count Two may stand.

*Valentine*, 63 F.3d at 464.

The Indictment in this instant case runs afoul of the limitations set forth in *Valentine*. The Indictment alleges the following:

> From in or around 2011 and continuing uninterrupted to in or around September 2018, DAVID HENDERSON was the Chief of the KCSO Narcotics Unit ("Narcotics Unit"). (ECF 3. Page ID 3, ¶ 5).
>
> At all time relevant to this Indictment, DAVID HENDERSON had supervisory authority over all KCSO officers who worked in the Narcotics Unit. *Id.* at ¶ 6.
>
> Between in or around 2011, and continuing uninterrupted to in or about September, 2018, in the Eastern District of Tennessee and elsewhere, the defendant, DAVID HENDERSON, together with other unindicted co-conspirators, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit an offense against the United States—that is, the theft of federal program funds under 18 U.S.C. § 666(a)(1)(A)--in violation of 18 U.S.C. § 371. (ECF 3, PageID# 5).
>
> At all times material to this Indictment, as an agency of the Knox County government, the KCSO received more than $10,000 per year in federal grant funds. (ECF 3. Page ID 3, ¶ 4).

The Indictment fails to allege any dates that would establish a one year period in which $5,000.00 or more worth of property was stolen or otherwise taken without authority. The Indictment fails to allege that $5,000.00 or more worth of property was ever stolen, or otherwise taken without authority, in a one year period. In short, the Indictment alleges multiple incidents of theft over a 93 month period. The Indictment charges multiple conspiracies, that are alleged to have spanned 93 months, in one count. Accordingly, it is entirely possible that the jury may not reach a unanimous verdict on count one of the Indictment. In addition, the Indictment does not sufficiently advise Mr. Henderson of the charges against him, and exposes him to the risk of double jeopardy should he be tried again in the future.

## III. Conclusion

For the foregoing reasons, the Indictment should be dismissed because it is duplicitous insofar as count one alleges multiple conspiracies in the same count.

Respectfully submitted on April 29, 2022.

s/ Robert R. Kurtz
Robert R. Kurtz
BPR No. 20832
422 S. Gay St., Ste. 301
Knoxville, TN 37902
865-522-9942
rrkurtz@gmail.com