UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br><br>    v.<br><br>DAVID HENDERSON,<br>           Defendant. | No. 3:22-cr-14<br><br>Judges Varlan/McCook |

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR DISCLOSURE OF MATERIAL WITNESSES**

Defendant's motion for disclosure of material witnesses should be denied because defendant has failed to meet his burden to demonstrate "that disclosure is essential to a fair trial." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). Nor has defendant demonstrated "how disclosure . . . would substantively assist his defense." *Moore*, 954 F.2d at 381. The allegations in the indictment are specific, and the United States has produced detailed and comprehensive discovery, including numerous interview reports of individuals who participated in many of the alleged overt acts. Defendant's motion should be denied.

**LEGAL STANDARD**

The Supreme Court has recognized that the United States possesses a limited privilege to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The government's privilege is usually asserted to protect the identify of an informer[.]" *United States v. Sharp*, 778 F.2d 1182, 1186 (6th Cir. 1985).

"The purpose of the privilege is to further effect law enforcement by encouraging citizens to communicate their knowledge of criminal activities to law enforcement officials." *Sharp*,

778 F.2d at 1185. "The rationale is that citizens will be more likely to communicate their knowledge of criminal activities if their anonymity is preserved." *Id*.

When reviewing a motion for disclosure of the identification of eyewitnesses, cooperators, or informants, "no fixed rule with respect to disclosure is justifiable." *Roviaro*, 353 U.S. at 62. "The court must 'balanc[e] the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'" *Moore*, 954 F.2d at 381 (quoting *Roviaro*, 353 U.S. at 62).

The Sixth Circuit has held that this balance requires disclosure "only upon a showing by the defendant that disclosure is essential to a fair trial." *Moore*, 954 F.2d at 381 (citing *United States v. Hanna*, 341 F.2d 906, 907 (6th Cir. 1965)). "A defendant must provide some evidence that disclosure of the informant's identity would assist in his defense before disclosure will be warranted." *United States v. Ray*, 803 F.3d 244, 247 (6th Cir. 2015). "'Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure.'" *Sharp*, 778 F.2d at 1187 (quoting *United States v. Gonzalez*, 606 F.2d 70, 75 (5th Cir. 1979)); *see also United States v. Bibb*, No. 3:19-cr-151-TAV-DCP, 2021 WL 2383326, at *5 (E.D. Tenn. June 10, 2021) (denying motion for disclosure of material witnesses where the defendant did "not identify 'the likelihood that [an informant] possesse[d] necessary information for the defendant's sole defense' or present more than a general statement about the need to effectively prepare for trial") (quoting *United States v. Shanklin*, 924 F.3d 905, 915 (6th Cir. 2019) (first alteration in original; second alteration added)).

2

## ARGUMENT

### A. Defendant is already aware of the identity of coconspirators and witnesses.

The indictment's allegations are specific and comprehensive. [*See generally* Doc. 3, Indictment.] The indictment alleges, with specificity, that a conspiracy existed; that defendant knowingly and willingly joined the conspiracy; that the purpose of the conspiracy was to steal federal program funds; and that defendant himself committed more than fifty overt acts in furtherance of the conspiracy. [*See generally* Doc. 3, Indictment.] Moreover, the allegations disclose specific purchases (and dates) made *by coconspirators* at defendant's direction; specific construction and renovation projects (and dates) performed *by coconspirators* at defendant's direction; and specific antique vehicles that defendant *and others* restored in the Blue Building. [*See, e.g.*, Doc. 3, Indictment at 13-14 (¶ 26) (Apple Products); *id.* at 16-18 (¶¶ 34-42) (Construction and Renovation Projects); *id.* at 15-16 (¶¶ 27-33) (Restoration of Antique Vehicles).] Thus, the specificity of the allegations indicates that defendant is already aware of the identity of coconspirators and witnesses with knowledge of defendant's alleged conduct.

Furthermore, the overt acts are described in detail, including the dates of purchases of more than fifty items, the method of payment, the exact price of the items, and the beneficiary of the purchase. [*Id.* at 8-11 (¶¶ 2-21), 13-15 (¶ 26).] For example, the indictment alleges that defendant directed a subordinate to use the Narcotics Credit Card to purchase twenty-six Apple products between May 2, 2011, and July 25, 2018. [*See id.* at 13 (¶ 26) (including a chart that lists twenty-six Apple devices, the date of purchase, the make and model of the Apple device, the price, the date the device was first registered, and a general description of who first registered the device).] Because the indictment alleges that defendant directed a particular subordinate to use

the Narcotics Credit Card to purchase specific Apple devices, defendant already knows the identity of that subordinate.

Likewise, the indictment includes specific allegations about the Duck Blind, a structure built by defendant's subordinates—at defendant's direction—during their official duty. [Doc. 3, Indictment at 12 (¶ 23).] The indictment alleges that defendant also instructed subordinates to use money from the Cash Fund or the Narcotics Credit Card to purchase several items to finish, outfit, and accessorize the duck blind. [*Id.* ¶ 24(a)-(f).] Because the indictment alleges that defendant instructed a subordinate to purchase these items, defendant already knows the identity of the subordinate who made each purchase. The same is true of the allegations in the indictment regarding the restoration of antique cars. [*Id.* at 15-16 (¶¶ 27-33).]

Finally, the indictment alleges that defendant coordinated many of the construction and renovation projects himself—or directly benefited from them—so he already knows the identity of the subordinates who assisted with the projects. Indeed, defendant instructed subordinate officers where to go and what to do. [*See, e.g.*, *id.* at 17 (¶ 37) ("In or around March 2018, Henderson directed a group of subordinate officers to build a privacy fence as the former Knox County Sheriff's personal residence.").] Thus, defendant is already aware of the identity of the subordinate officers who performed the work (or benefited from it).

### B. Defendant has not established that disclosure of material witnesses is essential to a fair trial or would substantively assist his defense.

The Sixth Circuit has held that the Supreme Court's balancing test, as explained in *Roviaro*, requires disclosure of material witnesses "only upon a showing by the defendant that disclosure is essential to a fair trial." *Moore*, 954 F.2d at 381. At the very least, "[a] defendant must provide some evidence that disclosure of the informant's identity would assist in his

4

defense before disclosure will be warranted." *Ray*, 803 F.3d at 247. Defendant has not made that showing here.

Defendant requests that the United States provide "the identity and address of all persons who were present or participated in any of the alleged conduct . . . and who may have knowledge of facts bearing on guilt or innocence." [Doc. 13, Mem. at 1.] The overbreadth of defendant's request undermines his claim that disclosure is necessary for his defense. *See Sharp*, 778 F.2d at 1187 (affirming denial of a motion for disclosure where, as here, the defendant's request was based on "[m]ere conjecture . . . about the possible relevancy of the informant's testimony") (internal quotations omitted). Moreover, defendant argues only in general terms that disclosure of material witnesses "would be relevant and helpful to [his] defense and essential to a fair determination of this matter. [Doc. 13, Mem. at 3.] But defendant fails to explain *why* or *how* disclosure is relevant to his defense or essential to a fair trial. Nor has defendant explained *how* his defense would be compromised if the United States maintains its privilege not to disclose the identity of informants.

Rather, it appears that defendant's request for disclosure is intended primarily to require the United States to produce its witness list before trial. [*See, e.g.*, Doc. 13, Mem at 5-6 ("The majority of testimonial evidence against [defendant] at trial will come from these witnesses.").] But, "[a]s a general rule, the government is not required to disclose the names of its witnesses before trial." *Bibb*, 2021 WL 2383326, at *10 (citing *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984)). And defendant's motion does not establish a particular need for such disclosure before trial. To the

5

extent the Court interprets defendant's motion as a request for the United States disclose its witness list, the Court should deny defendant's request.[1]

## CONCLUSION

For the foregoing reasons, defendant's motion for disclosure of material witnesses should be denied.

                                                                        Respectfully submitted,

                                                                         FRANCIS M. HAMILTON III
                                                                         UNITED STATES ATTORNEY

By:   *s/ William A. Roach, Jr.*
        William A. Roach, Jr.
        William.Roach@usdoj.gov
        Tennessee BPR #028349

        *s/ Frank M. Dale, Jr.*
        Frank M. Dale, Jr.
        Frank.Dale@usdoj.gov
        District of Columbia Bar #454048

        Assistant United States Attorneys
        800 Market Street, Suite 211
        Knoxville, Tennessee 37902
        Tel: (865) 545-4167

---

[1] The United States is cognizant of its obligation under *Brady v. Maryland* and *Giglio v. United States* to provide defendant with exculpatory and impeachment information when such evidence is material to either guilt or punishment. 373 U.S. 83, 87 (1963); 405 U.S. 150, 154 (1972). Exculpatory and impeachment evidence is material to a finding of guilt when there is a reasonable probability that effective use of the evidence will result in an acquittal. *See United States v. Bagley*, 475 U.S. 667, 676 (1985).