UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,
    Plaintiff,

    v.

DAVID HENDERSON,
    Defendant.

No. 3:22-cr-14

Judges Varlan/McCook

## RESPONSE IN OPPOSITION TO DEFENDANT'S
## MOTION FOR A BILL OF PARTICULARS

Defendant's motion for a bill of particulars should be denied because the indictment contains detailed allegations setting forth (i) the existence of a conspiracy to steal federal program funds; (ii) the operations, methodology, and purpose of the conspiracy; (iii) defendant's role in the conspiracy; and (iv) more than fifty overt acts committed *by defendant* and his coconspirators in furtherance of the conspiracy. Moreover, the discovery produced by the United States is organized, comprehensive, and complete.

## SUMMARY OF ALLEGATIONS

The indictment's allegations are specific and comprehensive. [*See generally* Doc. 3, Indictment.] The indictment charges defendant with conspiracy to commit federal program fraud, in violation of 18 U.S.C. § 371. [*Id.* at 3 (Count One).] Importantly, the indictment does *not* charge defendant with a substantive violation of federal program fraud, in violation of 18 U.S.C. § 666(a)(1)(A).[1] The elements required to prove a conspiracy to commit federal

---

[1] Defendant's reliance on *United States v. Valentine* is misplaced because there, unlike here, the defendant was charged with federal program fraud, in violation of 18 U.S.C. § 666(a)(1)(A), and not *conspiracy* to commit federal program fraud. 63 F.3d 459, 461-62 (6th Cir. 1995). Here, unlike in *Valentine*, the indictment charges a conspiracy. [Doc. 3, Indictment at 3 (Count One).] Thus, the elements the United States must prove to establish defendant's conviction are different from the elements in *Valentine*. *See, e.g.*, *United States v. Washington*, 715 F.3d 975, 979-80

program fraud, in violation of 18 U.S.C. § 371, include the following: (i) defendant knowingly and willingly joined the conspiracy; (ii) the purpose of which was to steal federal program funds, in violation of 18 U.S.C. § 666(a)(1)(A); and (iii) a member of the conspiracy took an overt act in furtherance of the conspiracy. *See United States v. Washington*, 715 F.3d 975, 979-80 (6th Cir. 2013). The indictment alleges, with specificity, that a conspiracy existed; that defendant knowingly and willingly joined the conspiracy; that the purpose of the conspiracy was to steal federal program funds to unjustly enrich defendant and others; and that defendant himself committed more than fifty overt acts in furtherance of the conspiracy. [*See generally*, Doc. 3, Indictment.] The overt acts are described in detail, including the dates of purchases, the method of payment, the exact price of the items purchased, and the beneficiary of the purchase. [*Id.*]

First, the indictment alleges that the object of the conspiracy was for defendant to use his authority as Chief of the Knox County Sheriff's Office ("KCSO") Narcotics Unit to enrich himself and others by, among other things, directing his subordinates to use Knox County funds—money from the Narcotics Cash Fund and the Narcotics Credit Card ("Credit Card")—to purchase items for defendant's personal use or for the personal use of defendant's family members, associates, and friends, and for the former Knox County Sheriff. [Doc. 3, Indictment at 2 (¶¶ 9-11); *id.* at 4 (Object of the Conspiracy).]

---

(6th Cir. 2013) (holding that, where the United States charged a Section 371 conspiracy—the purpose of which was to violate Section 666(a)(1)(A)—"the government merely had to prove beyond a reasonable doubt that Washington knowingly and voluntarily joined a conspiracy that intended to fraudulently obtain money and a member of the conspiracy took at least one overt act in furtherance of the conspiracy.") (citing 18 U.S.C. § 371). *Washington* unequivocally held that the United States was not required to prove all the elements of federal program fraud when the defendant was charged only with *conspiracy*. *Washington*, 715 F.3d at 979-80.

Next, the indictment describes in detail how the conspiracy worked. [*See generally* Doc. 3, Indictment at 4-7 (¶¶ 1-15) (describing the Manner and Means of the conspiracy).] The Manner and Means section of the indictment includes, among other things, allegations regarding the duration of the conspiracy (*see id.* ¶ 2); how defendant exercised his authority over subordinate officers (*id.* ¶ 3); how defendant caused receipts for purchases to be submitted to the Knox County Finance Department for approval (*id.* ¶ 6); and how defendant concealed the conspiracy by not personally using the Credit Card, but instead instructing subordinates to use the Card to purchase items for defendant's personal benefit or the personal benefit of defendant's family members, associates, and friends, and the former Knox County Sheriff. (*Id.* ¶ 7.)

The indictment includes specific details about purchases made with Knox County funds. First, it alleges that defendant directed subordinates to use money from the Cash Fund—money that had been seized by the KCSO from criminals—to purchase items for defendant's personal use or for the personal use of defendant's family members, associates, and friends, and for the former Knox County Sheriff. [Doc. 3, Indictment at 7-11 (¶¶ 2-21) (listing twenty separate items).] Second, the indictment alleges that defendant instructed his subordinates to use the Credit Card, which was provided by Knox County and paid for with County funds, to purchase twenty-six Apple products for his personal use and for the personal use of others. [*Id.* at 13-15 (¶ 26) (listing twenty-six Apple products purchased with the Credit Card at defendant's direction, including the purchase date, the price paid, the make and model of the device, and a general description of who first registered the device).] In total, the indictment alleges *with specificity* that defendant directed subordinates to purchase more than fifty items with either money from the Cash Fund or the Credit Card. [*See, e.g.*, Doc. 3, Indictment at 7-11 (¶¶ 2-21) (listing specific purchases dating back to January 30, 2012, and continuing to September 17, 2018); 13-

3

15 (¶ 26) (Apple Products) (including chart that lists twenty-six Apple products; the date of purchase; the make and model of the Apple product; the price; the date the device was first registered; and a general description of who first registered the device).]

There is more. In the overt-acts paragraphs, the indictment includes specific allegations about the Duck Blind, a structure built by defendant's subordinates—at defendant's direction—while the subordinates were allegedly on official duty. [Doc. 3, Indictment at 11-13 (¶¶ 22-25).] The indictment alleges that defendant instructed his subordinates to use money from the Cash Fund or the Credit Card to purchase several items to finish, outfit, and accessorize the duck blind. [*Id.* ¶ 24(a)-(f).] The indictment describes each purchase in granular detail, providing the source of the funds for the purchase, the specific date of the purchase, where the item was purchased, and the exact price of the item—down to the cent. [*See, e.g.*, *id.* ¶ 24(e) (alleging that defendant directed a subordinate to use money from the Cash Fund "to purchase a steel tube, chain swagging tool, and ferrule stop kit for the duck decoys. The subordinate did, in fact, use monies from the Narcotics Cash Fund to purchase these items at Lowe's for $44.29."]

Finally, the indictment includes specific allegations surrounding defendant's use of a Knox-County-owned facility to restore antique vehicles during the workday. [Doc. 3, Indictment at 15-16 (¶¶ 27-33).] The indictment alleges that defendant and "several of his subordinates—often at [defendant]'s request—worked on [defendant]'s cars during the workday and late into the evenings." [*Id.* ¶ 29.] The indictment alleges, with specificity, the make and model of each antique car defendant and others restored in the Knox-County-owned facility and the related items defendant instructed a subordinate to purchase with the Credit Card. [*Id.* at 15 (¶ 29) ('68 Chevy Camaro, '68 Chevy Chevelle, and '72 Ford F-100); 15-16 (¶ 31) (automotive lift for $3,595 using a purchase order from the KCSO Finance Department); 16 (¶ 33) (paint

4

guns for $643.21).]   Like the other allegations in the overt-acts section, the allegations in this section include granular details about the purchases, including the source of funds, the items purchased, the date of the purchases, and the exact price of the items purchased.   [*Id.* ¶¶ 31-33.]

In sum, defendant's claim that the allegations in the indictment leave him "unable to prepare for trial" is contradicted by the specificity of the allegations in the indictment.   [Doc. 19, Mem. at 5.]

## LEGAL STANDARD

An "indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged."   Fed. R. Crim. P. 7(c)(1).   An indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."   *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001).   The statutory language must "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence (sic), coming under the general description, with which he is charged."   *Hamling*, 418 U.S. at 117-18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888).   If the indictment "states the specific time frame in which the acts occurred, [that is sufficient to] satisfy any double jeopardy concerns."   *United States v. Paulino*, 935 F.2d 379, 750 (6th Cir. 1991).

"The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution."   *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir.

1976).  "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is *necessary* to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x. 706, 724 (6th Cir. 2008) (emphasis added).   That is, a bill of particulars is only appropriate "when the indictment itself is too vague and indefinite for such purposes."  *United States v. Martin*, No. 86-1663, 1987 WL 38036, at *2 (6th Cir. July 14, 1987) (quotations omitted).   Indeed, "[t]he level of detail in the indictment can be a basis for denying the motion for a bill of particulars."  *United States v. Bibb*, No. 3:19-cr-151-TAV-DCP, 2021 WL 2383326, at *5 (E.D. Tenn. June 10, 2021) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)).

"[A] bill of particulars is not to be used as a general discovery device."  *Martin*, 1987 WL 38036 at *3*.   And, it "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial."  *Salisbury*, 983 F.2d at 1375.   Indeed, "[f]ull access to discovery further weakens the case for a bill of particulars."  *United States v. Page*, 575 F. App'x. 641, 643 (6th Cir. 2014) (upholding denial of motion for bill of particulars while noting that the defendant "received ample discovery from which he could have discerned the possible identities of his co-conspirators") (quotations omitted); *see also Martin*, 1987 WL 38036 at *3 ("If there has been full disclosure by the Government . . . the need for a bill of particulars is obviated.")   This is "particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy."  *United States v. Hayes*, No. 88-5967, 1989 WL 105938, at *3 (6th Cir. Sept. 14, 1989).   Indeed, "a defendant is not entitled to discover all the overt acts that might be proven at trial."  *Salisbury*, 983 F.2d at 1375.

Moreover, "[a] bill of particulars is not an investigative tool to be used for the acquisition of evidentiary detail, and the prosecution need not particularize all of its evidence before trial." *United States v. Haddix*, No. 5:07-137-JMH, 2007 WL 4553170, at *2 (E.D. Ky. Dec. 19, 2007) (quoting *United States v. Torres*, 901 F.2d 205, 234 (2nd Cir. 1990)). Indeed, requests for specific information (like the requests defendant makes in his motion) are routinely denied. *See Musick*, 291 F. App'x at 724 (denying motion for bill of particulars and noting that "[t]he bill of particulars is not intended as a means of learning the government's evidence").

A defendant "is not entitled to a bill of particulars with respect to information which is available through other sources" or "if the purpose of the bill is to obtain a list of the Government's witnesses." *Paulino*, 935 F.2d at 750*; Musick*, 291 F. App'x. at 724. The bill "is not intended as a means of learning the government's evidence and theories." *Musick*, 291 F. App'x. at 724. "The decision to order a bill of particulars is within the sound discretion of the trial court." *Salisbury*, 983 F.2d at 1375.

## ARGUMENT

Defendant's motion for a bill of particulars should be denied because the indictment's allegations are specific, and the United States has produced comprehensive discovery. Most of defendant's argument for why he claims to need a bill of particulars stems from his assertion that the United States is required to prove each element of the *substantive offense* of federal program fraud. [Doc. 19, Mem. at 5 (claiming that defendant "has no way to determine which property, valued at $5,000 or more, was stolen or otherwise misappropriated during a specific twelve month period").] But as shown above, the United States is not required to prove the elements of federal program fraud because defendant is charged only with conspiracy. *See United States v. Phillips*, 872 F.3d 803, 806 (6th Cir. 2017) ("The government need not prove the elements of

7

fraud to convict [the defendant] of *conspiracy*. 'It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues.'") (emphasis in original) (quoting *Salinas v. United States*, 522 U.S. 52, 65 (1997)).   Here, defendant is charged only with conspiracy, and the indictment's specific allegations combined with the extensiveness of discovery undercut any need for a bill of particulars.

### A.   The indictment's allegations are specific, detailed, and extensive.

The specificity of the allegations in the indictment is sufficient for the Court to deny the defendants' motion.   *See United States. v. Daugherty*, No. 5:16-cr-22-DCR-REW, 2017 WL 839472, at *1 (E.D. Ky. Feb. 28, 2017) (A bill of particulars "should be required only where the charges of an indictment are so general that they do not advise a defendant of the specific facts of which he is accused.") (quotations omitted).   The indictment's allegations are specific and detailed, and therefore a bill of particulars is not required.

The indictment alleges an ongoing conspiracy beginning in or around 2011 and continuing uninterrupted to in or about September 2018.   [Doc. 3, Indictment at 3 (Count One).] During that entire time, defendant was the Chief of the KCSO Narcotics Unit.   [*Id.* at 1 (¶ 5).] The details of the conspiracy as alleged in the indictment are not complex.   For example, the indictment alleges that defendant conspired with others to use two sources of Knox County funds to unjustly enrich himself and others: the Credit Card and the Cash Fund.   [*Id.* at 2-3 (¶¶ 9-11).] The indictment also alleges that defendant and others conspired to deprive Knox County of the right to its employees' time and labor during official hours by directing certain subordinate officers to perform renovation, remodeling, and construction projects of a purely personal nature at various locations and for the personal benefit of various individuals, including defendant and the former Knox County Sheriff.   [*Id.* at 3 (Object of Conspiracy).]   The indictment alleges

8

specific details about each project, including the date the project occurred, the duration of the project, the identity of the beneficiary, and any ancillary purchases that defendant directed with money from the Cash Fund or the Credit Card.  [*Id.* at 11-12 (¶¶ 22-25) (Duck Blind); *id.* at 16-18 (¶¶ 34-42) (building privacy fence for the former Knox County Sheriff; installing a metal roof on a subordinate's home; and building a screened-in porch at defendant's residence).]

Moreover, because the indictment alleges that defendant coordinated many of the construction and renovation projects himself—or directly benefited from them—he already knows the identity of the subordinate officers involved in each project.   Defendant instructed the subordinate officers where to go and what to do.  [*See, e.g.*, Doc. 3, Indictment at 17 (¶ 37) ("In or around March 2018, Henderson directed a group of subordinate officers to build a privacy fence as the former Knox County Sheriff's personal residence.").]

Defendant also complains that "[t]he Indictment does not name the unindicted coconspirators."  [Doc. 19, Mem. at 1.]   But defendant is not entitled to that information.[2]   *See e.g.*, *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (affirming denial of motion for bill of particulars where, as here, the defendants requested names of co-conspirators, because "it is not essential that a conspirator know all other conspirators"); *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) ("[T]he government is not required to furnish the names of all other co-conspirators in a bill of particulars."); *Page*, 575 F. App'x. at 643 (noting "[a]s an initial point, the government is not obliged to provide the names of a defendant's alleged co-

---

[2] Nor may defendant request a bill of particulars to receive early disclosure of the United States' witness list.   *See Musick*, 291 F. App'x. at 724 ("A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses."); *United States v. Largent*, 545 F.2d 1039, 1043-44 (6th Cir.1976) (affirming denial of motion for bill because the defendant "sought the names of all the Government's witnesses," a request the court deemed "overbroad").

conspirators"). At any rate, defendant should not be surprised by coconspirator testimony at trial, as the indictment clearly alleges that defendant conspired with others. [R. 3, Indictment, at 3 (Count One).] *See Crayton*, 357 F.3d at 568 (finding no "unfair surprise" where, as here, the defendant "knew that unnamed persons were referred to in the conspiracy count of the indictment"). Moreover, the specificity of the indictment's allegations discloses specific purchases (and dates) made *by coconspirators* at defendant's direction; specific construction and renovation projects (and dates) performed *by coconspirators* at defendant's direction; and specific antique vehicles that defendant *and others* restored in the Blue Building. [*See, e.g.*, Doc. 3, Indictment at 13-14 (¶ 26) (Apple Products); *id.* at 16-18 (¶¶ 34-42) (Construction and Renovation Projects); *id.* at 15-16 (¶¶ 27-33) (Restoration of Antique Vehicles).]

To the extent defendant argues that the overt-acts section of the indictment lacks specificity (it does not), "a defendant is not entitled to discover all the overt acts that might be proven at trial." *Salisbury*, 983 F.2d at 1375; *see also Musick*, 291 F. App'x. at 724 ("[a] defendant is not entitled to a bill of particulars if the purpose of the bill is to . . . discover all of the overt acts that might be proven at trial"); *Martin*, 1987 WL 38036 at *3 ("in a conspiracy case [] the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy."); *United States v. Schaffer*, 586 F.3d 414, 422 (6th Cir. 2009) (denying motion in conspiracy case where indictment alleged the objective of the conspiracy, the role played by each defendant, the overt acts, and the means). The specificity of the allegations in the indictment undermines defendant's request for a bill of particulars.

**B.      The discovery is comprehensive and well organized.**

The fact that the United States has provided defendant with complete discovery in an organized format undermines his request for a bill of particulars. *See United States v. Tillotson*,

490 F. App'x. 775, 777 (6th Cir. 2012) (affirming denial of motion where "the indictment – coupled with [extensive] discovery materials – adequately notified [the defendant] of the case against him and provided him ample opportunity to prepare a defense."); *Page*, 575 F. App'x. at 643 ("full access to discovery further weakens the case for a bill of particulars") (citations and quotations omitted); *United States v. Readus*, No. 3:09-00240, 2013 WL 3285052 (M.D. Tenn., June 28, 2013) (noting government's argument that it provided "significant amounts of information in discovery and Jencks material" in decision to deny defendant's motion for bill of particulars.); *see also Musick*, 291 F. App'x. at 725; *Martin*, 1987 WL 38036 at *3.

The discovery in this case provides even more details about each of the allegations. Discovery includes additional information about the purchases defendant directed, including receipts for items and statements made by individuals with knowledge of the purchases. Discovery also includes additional information about the construction and renovations projects, including timestamped photographs depicting the individuals who performed the projects and benefited from them. Furthermore, discovery includes statements from individuals who were interviewed during the investigation and who have knowledge of the purchases, the construction and renovation projects (including the Duck Blind), and the restoration of the antique cars in a Knox-County-owned facility. The completeness and the extensiveness of the discovery in this case nullifies the need for a bill of particulars.

11

**CONCLUSION**

For the foregoing reasons, defendant's motion for a bill of particulars should be denied.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By:    *s/ William A. Roach, Jr.*
William A. Roach, Jr.
William.Roach@usdoj.gov
TN BPR #028349

*s/ Frank M. Dale, Jr.*
Frank M. Dale, Jr.
Frank.Dale@usdoj.gov
District of Columbia Bar #454048

Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, Tennessee 37902
Tel: (865) 545-4167

12