UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, <br><br> v. <br><br> DAVID HENDERSON, Defendant. | No. 3:22-cr-14 <br><br> Judges Varlan/McCook |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS**

Defendant filed two motions to dismiss—one arguing failure to allege an offense and one arguing duplicity. [*See* Docs. 14, 16.] Because both motions are based on similar arguments, the United States responds jointly in one filing.

Both motions should be denied because the indictment alleges specific facts sufficient to plead the single offense charged in the indictment—that is, conspiracy to commit federal program fraud, in violation of 18 U.S.C. § 371. In support of that charge, the indictment alleges that a conspiracy existed over a specific period; that defendant knowingly and willingly joined the conspiracy; and that a member of the conspiracy—specifically, the defendant—engaged in numerous overt acts in furtherance of the conspiracy. Those allegations are more than sufficient to satisfy the Sixth Circuit's pleading requirements for a conspiracy offense. *See United States v. Washington*, 715 F.3d 975, 979-80 (6th Cir. 2013). Moreover, the indictment is clear that only one offense—conspiracy—is charged. Contrary to defendant's arguments, Count One does not charge two separate offenses. Thus, no duplicity concerns exist.

The Court should deny both of defendant's motions to dismiss.

## SUMMARY OF ALLEGATIONS

The indictment's allegations are specific and comprehensive. [*See generally* Doc. 3, Indictment.] The indictment charges defendant with one count of conspiracy to commit federal program fraud, in violation of 18 U.S.C. § 371. [*Id.* at 3 (Count One).]

The indictment alleges, with specificity, that a conspiracy existed from in or around 2011 to in or about September 2018; that defendant knowingly and willingly joined the conspiracy; that the purpose of the conspiracy was to steal federal program funds to unjustly enrich defendant and others; and that defendant committed more than fifty overt acts in furtherance of the conspiracy. [*See generally* Doc. 3, Indictment.] The overt acts are described in detail, including the specific dates of purchases, the specific item or items purchased, the method of payment, the exact price of the items purchased, the sellers, and the beneficiary of each purchase. [*Id.* at 7-18 (¶¶ 1-42).]

First, the indictment alleges that the object of the conspiracy was for defendant to use his authority as Chief of the Knox County Sheriff's Office ("KCSO") Narcotics Unit to enrich himself and others by, among other things, directing his subordinates to use Knox County funds—money from the Narcotics Cash Fund ("Cash Fund") and the Narcotics Credit Card ("Credit Card")—to purchase items for his personal use or the personal use of his family members, associates, and friends, and for the former Knox County Sheriff. [Doc. 3, Indictment at 2 (¶¶ 9-11); *id.* at 4 (Object of the Conspiracy).] The indictment also alleges that defendant and others conspired to deprive Knox County of the right to its employees' time and labor during official hours by directing certain subordinate officers to perform renovation, remodeling, and construction projects of a purely personal nature at various locations and for the personal benefit of various individuals, including defendant and the former Knox County Sheriff. [*Id.* at 3

2

(Object of Conspiracy).] The indictment alleges specific details about each project, including the date the project occurred, the duration of the project, the identity of the beneficiary, and any ancillary purchases that defendant directed with money from the Cash Fund or the Credit Card. [*Id.* at 11-12 (¶¶ 22-25) (Duck Blind); *id.* at 16-18 (¶¶ 34-42) (building privacy fence for the former Knox County Sheriff; installing a metal roof on a subordinate's home; and building a screened-in porch at defendant's residence).]

Next, the indictment describes in detail how the conspiracy worked. [Doc. 3, Indictment at 4-7 (¶¶ 1-15).] The Manner and Means section of the indictment includes, among other things, allegations regarding the duration of the conspiracy (*see id.* ¶ 2); how defendant exercised his authority over subordinate officers (*id.* ¶ 3); how defendant caused receipts for purchases to be submitted to the Knox County Finance Department for approval (*id.* ¶ 6); and how defendant concealed the conspiracy by not personally using the Credit Card, but instead instructing subordinates to use the Credit Card to purchase items for his personal benefit or the personal benefit of his family members, associates, and friends, and for the former Knox County Sheriff. (*Id.* ¶ 7.)

The indictment includes specific details about purchases made with Knox County funds. First, it alleges that defendant directed subordinates to use money from the Cash Fund—money that had been seized by the KCSO—to purchase items for defendant's personal use or for the personal use of defendant's family members, associates, and friends, and for the former Knox County Sheriff. [Doc. 3, Indictment at 7-11 (¶¶ 2-21) (listing twenty separate items).] Second, the indictment alleges that defendant instructed his subordinates to use the Credit Card, which was provided by Knox County and paid for with County funds, to purchase twenty-six Apple products for his personal use and for the personal use of others. [*Id.* at 13-15 (¶ 26) (listing

3

twenty-six Apple products purchased with the Credit Card at defendant's direction, including the purchase date, the price paid, the make and model of the device, and a general description of who first registered the device).]   In total, the indictment alleges *with specificity* that defendant directed subordinates to purchase more than fifty items with either money from the Cash Fund or the Credit Card.   [*See, e.g.*, Doc. 3, Indictment at 7-11 (¶¶ 2-21) (listing specific purchases dating back to January 30, 2012, and continuing to September 17, 2018); 13-15 (¶ 26) (Apple Products).]

      The indictment also includes specific allegations about the Duck Blind, a structure built by defendant's subordinates—at defendant's direction—while the subordinates were on official duty.   [Doc. 3, Indictment at 11-13 (¶¶ 22-25).]   The indictment alleges that defendant instructed his subordinates to use money from the Cash Fund or the Credit Card to purchase several items to finish, outfit, and accessorize the duck blind.   [*Id.* ¶ 24(a)-(f).]   The indictment describes each purchase in granular detail, providing the source of the funds for the purchase, the specific date of the purchase, where the item was purchased, and the exact price of the item— down to the cent.   [*See, e.g., id.* ¶ 24(e) (alleging that defendant directed a subordinate to use money from the Cash Fund "to purchase a steel tube, chain swagging tool, and ferrule stop kit for the duck decoys.   The subordinate did, in fact, use monies from the Narcotics Cash Fund to purchase these items at Lowe's for $44.29."]

      Finally, the indictment includes specific allegations surrounding defendant's use of a Knox-County-owned facility to restore antique vehicles during the workday.   [Doc. 3, Indictment at 15-16 (¶¶ 27-33).]   The indictment alleges that defendant and "several of his subordinates—often at [defendant]'s request—worked on [defendant]'s cars during the workday and late into the evenings."   [*Id.* ¶ 29.]   The indictment alleges, with specificity, the make and

model of each antique car defendant and others restored in the Knox-County-owned facility and the related items defendant instructed a subordinate to purchase with the Credit Card. [*Id.* at 15 (¶ 29) ('68 Chevy Camaro, '68 Chevy Chevelle, and '72 Ford F-100); 15-16 (¶ 31) (automotive lift for $3,595 using a purchase order from the KCSO Finance Department); 16 (¶ 33) (paint guns for $643.21).] Like the other allegations in the overt-acts section, the allegations in this section include granular details about the purchases, including the source of funds, the items purchased, the date of the purchases, and the exact price of the items purchased. [*Id.* ¶¶ 31-33.]

## LEGAL STANDARD

**Sufficiency of allegations**. An "indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001); *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) ("An indictment is generally sufficient if it 'fully, directly, and expressly . . . set[s] forth all the elements necessary to constitute the offense intended to be punished.'") (quoting *United States v. Douglas*, 398 F.3d 407, 411 (6th Cir. 2005)) (alteration in original). The statutory language must "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117-18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)); *see also Douglas*, 398 F.3d at 413 (stating that an indictment must "set out all of the elements of the charge[d] offense and must give notice to the defendant of the charges he faces" and "be sufficiently specific to enable

5

the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts"). If the indictment "states the specific time frame in which the acts occurred, [that is sufficient to] satisfy any double jeopardy concerns." *United States v. Paulino*, 935 F.2d 379, 750 (6th Cir. 1991).

**Duplicity**. Separate offenses must be charged in separates counts of an indictment. Fed. R. of Crim. P. 8(a). "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002); *see also United States v. Williams*, 998 F.3d 716, 734 (6th Cir. 2021) ("Duplicitous indictments do not allow 'the jury to convict on one offense and acquit on another,' which is why they implicate the Sixth Amendment guarantee of jury unanimity.") (quoting *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997). "The vice of duplicity is that a jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense." *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002) (internal quotation marks and citation omitted). "While a duplicative indictment can prejudice a defendant in various ways, the primary concern is that a defendant may be deprived of his right to a unanimous jury verdict." *United States v. Kakos*, 483 F.3d 441, 443 (6th Cir. 2007). But an indictment alleging one conspiracy to commit several crimes is not duplicitous. *See, e.g.*, *Braverman v. United States*, 317 U.S. 49, 54 (1942) ("The conspiracy is the crime, and that is one, however diverse its objects. A conspiracy is not the commission of the crime which it contemplates, and neither violates nor arises under the statute whose violation is its object . . . . The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute."); *Campbell*, 279 F.3d at 398 ("[A]n agreement to commit several crimes is not duplicitous, as conspiracy is itself the crime") (quoting *United States v. Dale*, 178 F.3d 429, 431-

32 (6th Cir. 1999)). In any event, even if an indictment contains a duplicitous count (which is not the case here), any duplicity issues may be "cured" "with unanimity instructions to the jury." *Williams*, 998 F.3d at 735; *see also United States v. Hendrickson*, 822 F.3d 812, 822 (6th Cir. 2016) ("Specific unanimity instructions are a method of curing 'duplicitous' charges . . . .").

## ARGUMENT

### A. The Indictment adequately pleads a conspiracy to commit federal program fraud, in violation of 18 U.S.C. § 371.

The indictment charges defendant with one count of conspiracy to commit federal program fraud, in violation of 18 U.S.C. § 371. [Doc. 3, Indictment at 3 (Count One).] Below is a screenshot of the operative language of the indictment, which states the existence of the conspiracy, the duration of the conspiracy, the underlying offense that the conspiracy was intended to violate, and that defendant knowingly and willingly joined the conspiracy:

> **COUNT ONE**
> **Conspiracy to Commit Federal Program Fraud**
> **(18 U.S.C. § 371)**
>
> Between in or around 2011, and continuing uninterrupted to in or about September 2018, in the Eastern District of Tennessee and elsewhere, the defendant, DAVID HENDERSON, together with other unindicted co-conspirators, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit an offense against the United States—that is, the theft of federal program funds under 18 U.S.C. § 666(a)(1)(A)—in violation of 18 U.S.C. § 371.

[Doc. 3, Indictment at 3.] The indictment also includes no less than fifty overt acts that defendant took in furtherance of the conspiracy. [*Id.* at 7-18 (¶¶ 1-42).]

The indictment pleads each of the three elements required to state a conspiracy offense: (i) defendant knowingly and willingly joined the conspiracy; (ii) the purpose of which was to steal federal program funds, in violation of 18 U.S.C. § 666(a)(1)(A); and (iii) a member of the

7

conspiracy took an overt act in furtherance of the conspiracy. *See United States v. Washington*, 715 F.3d 975, 979-80 (6th Cir. 2013).[1]

Contrary to defendant's argument, the indictment does *not* charge defendant with a substantive violation of federal program fraud, in violation of 18 U.S.C. § 666(a)(1)(A). [Doc. 15, Mem. at 1, 3.] Thus, the United States is not required to allege (or prove) the $5,000 annual threshold that is an element of federal program fraud, in violation of 18 U.S.C. § 666(a)(1)(A). *Washington*, 715 F.3d at 979-80. Indeed, the Sixth Circuit has unequivocally held that the United States is not required to allege (or prove) the elements of fraud when a defendant is charged only with conspiracy. For example, in *Washington*, the Sixth Circuit correctly held that where, as here, the United States charged a Section 371 conspiracy, the purpose of which was to violate Section 666(a)(1)(A), "the government merely had to prove beyond a reasonable doubt that Washington knowingly and voluntarily joined a conspiracy that intended to fraudulently obtain money and a member of the conspiracy took at least one overt act in furtherance of the conspiracy." *Id.* at 979-80 (citing 18 U.S.C. § 371). Likewise, in *United States v. Phillips*, 872 F.3d 803, 806 (6th Cir. 2017), the Sixth Circuit rightly held that, "[t]he government need not prove the elements of fraud to convict [the defendant] of *conspiracy*. 'It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues.'") (emphasis in original) (quoting *Salinas v. United States*, 522 U.S. 52, 65 (1997)).

Defendant's reliance on *United States v. Valentine*, 63 F.3d 459, 461-62 (6th Cir. 1995), is therefore misplaced. There, the defendant was charged with the substantive offense of federal

---

[1] *See also* Sixth Circuit Pattern Jury Instructions, Section 3.01A (stating the following three elements to prove a conspiracy to commit an offense against the United States: (i) two or more persons conspired or agreed to commit the stated offense; (ii) defendant knowingly and voluntarily joined the conspiracy; and (iii) a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing of helping the conspiracy).

8

program fraud, in violation of 18 U.S.C. § 666(a)(1)(A). *Valentine*, 63 F.3d at 461. But the defendant was not charged with *conspiracy* to commit federal program fraud. *Id.* Unlike in *Valentine*, however, the indictment in this case charges only a conspiracy. [Doc. 3, Indictment at 3 (Count One).] Thus, the elements the United States must allege to adequately plead the conspiracy charged in the indictment are different from the elements required to prove federal program fraud. *Washington*, 715 F.3d at 979-80.

As explained in detail in the Summary of Allegations section above, the indictment alleges specific facts that, if proved at trial, meet each element of the charged conspiracy. Thus, defendant's claim that "the government has not given adequate notice to [him] as to the charges he must defend against" is unfounded and should be rejected. [Doc. 15, Mem. at 5.] Likewise, the Court should reject defendant's argument that the United States was required to allege "dates that would establish a one-year period in which $5,000 or more worth of property was stolen or otherwise taken without authority." [Doc. 15, Mem. at 5.] As explained above, the $5,000 annual threshold is not an element of the charged offense. Thus, this Court should deny defendant's motion to dismiss for failure to state an offense.

**B.**     **The indictment alleges one—and only one—offense.**

An indictment that alleges one conspiracy is not duplicitous. *Braverman*, 317 U.S. at 54 (1942) ("The conspiracy is the crime, and that is one, however diverse its objects. . . . The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statute.") Here, the indictment alleges one, and only one, conspiracy. [Doc. 3, Indictment at 3.] Defendant's arguments to the contrary should be rejected.

As explained above, the indictment alleges one conspiracy over an eight-year period. [*See generally* Doc. 3, Indictment.] The indictment's allegations are specific and detailed.

9

[*Id.*]  Given the specificity of the allegations, there is no risk that defendant would be exposed to double jeopardy if a jury convicts him.

Defendant's duplicity argument is grounded in the mistaken belief that the indictment also charges him with federal program fraud, in violation of 18 U.S.C. § 666(a)(1)(A).  [Doc. 17, Mem. at 1 ("The Indictment fails to allege that property valued at $5,000 or more was stolen or otherwise misappropriated in any one year period.").]  Based on his mistaken belief, he concludes that "the Indictment alleges multiple conspiracies in one count."  [*Id.* at 2.]  Not so.

Defendant is correct that "the Indictment alleges multiple incidents of theft over a 93-month period."  [Doc. 17, Mem. at 4.]  But those incidents are merely overt acts in furtherance of the *single conspiracy* charged in the indictment.  [Doc. 3, Indictment at 7-18 (¶¶ 1-42).]  Nothing in the indictment's language or allegations indicates that it charges multiple conspiracies.  Indeed, the indictment is clear that the single conspiracy charged in the indictment—a conspiracy in violation of 18 U.S.C. § 371—began in or around 2011 and continued uninterrupted until in or about September 2018.  [Doc. 3, Indictment at 3.]  The indictment also lists with specificity the object of the conspiracy, the manner and means of the conspiracy, and the overt acts that defendant committed in furtherance of the conspiracy.  [*Id.* at 3-4 (Object), 4-7 (Manner and Means), 7-21 (Overt Acts).]  The detailed and specific allegations make clear that defendant is charged with just one conspiracy.

The fact that the indictment charges only one conspiracy eliminates any possibility "that the jury may not reach a unanimous verdict on count one of the Indictment."  [Doc. 17, Mem. at 4.]  And defendant's claim that the indictment "does not sufficiently advise [him] of the charges against him, and exposes him to the risk of double jeopardy" is unfounded.  [*Id.*]  Thus, this Court should deny defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, defendant's motions to dismiss should be denied.

                                        Respectfully submitted,

                                        FRANCIS M. HAMILTON III
                                        UNITED STATES ATTORNEY

By:    *s/ William A. Roach, Jr.*
          William A. Roach, Jr.
          William.Roach@usdoj.gov
          TN BPR #028349

          *s/ Frank M. Dale, Jr.*
          Frank M. Dale, Jr.
          Frank.Dale@usdoj.gov
          District of Columbia Bar #454048

          Assistant United States Attorneys
          800 Market Street, Suite 211
          Knoxville, Tennessee   37902
          Tel: (865) 545-4167