UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA

v.  No. 3:22-CR-14
 Varlan/McCook

DAVID HENDERSON

---

**REPLY TO RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS INDICTMENT**

---

The government filed a combined Response to Mr. Henderson's motions to dismiss. This Reply brief addresses the government's combined response. Mr. Henderson respectfully maintains that the Indictment is duplicitous because it charges multiple offenses in one count. Contrary to the government's assertion (Doc. 26, pg. 7), a unanimity instruction will not cure the duplicity. When a defendant raises the duplicity issue prior to trial, the duplicitous count(s) of the indictment may be properly dismissed. *United States v. Adesida*, 129 F.3d 846, 849 (6th Cir. 1997).

The Indictment in this case alleges that Mr. Henderson was employed by the Knox County Sheriff's Office and had supervisory authority over all KCSO officers who worked in the Narcotics Unit. (Doc. 3, Indictment, pg. 1, ¶¶ 1, 6). KCSO was a local governmental agency. *Id.* at pg. 1, ¶ 2. At all material times, KCSO was fully funded by the Knox County General Fund. *Id.* at pg. 1, ¶ 3. Three percent of the General Fund was funded by federal grant money including federal grants for housing federal detainees. *Id.* The Indictment further alleges that the KCSO was an agency of Knox County and KCSO received more than $10,000.00 per year in federal grant funds. *Id.* at pg. 1, ¶ 4. The allegations in the Indictment track all but one of the

elements necessary to establish a violation of 18 U.S.C. §666(a)(1). On its face, the Indictment does not allege that $5,000.00 or more worth of property was converted for personal use in a twelve month period.

To establish a violation of 18 U.S.C. §666(a)(1), the government must prove that the individual was an agent of local government at the time of the offense. *U.S. v. Valentine*, 63 F.3d 459, 462 (6th Cir. 1995). Next, the government must prove that the defendant willingly converted property worth at least $5,000.00 that was under the control of the local government or agency. *Id.* Finally, the government must show that these elements occurred at a time in which the local government or agency received in excess of $10,000.00 in any one year from a qualifying federal assistance program. *Id.* The one year limitation attaches to both the federal funding requirement and the $5,000.00 threshold requirement. *Id.* at 463.

The Sixth Circuit's reasoning in *Valentine* is sound. Congress's intent in establishing 18 U.S.C. §666 was "to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery." S.Rep. No. 225, 98th Cong., 2d Sess. 369 *reprinted in* 1984 U.S. Code Cong. & Adm. News 3182, 3510. As one court noted, Congress recognized the significant intrusion of federal law enforcement into an area traditionally thought of as a local concern. *U.S. v. Webb*, 691 F.Supp. 1164, 1168 (N.D.IL 1998). "Congress did not intend [18 U.S.C. § 666] to reach theft of minimal amounts. . . ." *United States v. Valentine*, 63 F.3d 459, 463 (6th Cir. 1995). "To differentiate between those cases to be handled in the federal system and those cases to be prosecuted in state court, Congress imposed monetary valuation thresholds on the governments and agencies subject to the federal bribery laws and to the specific acts sought to be criminalized." *United States v. Mills*, 140 F.3d 630, 634 (6th Cir. 1998) (opining in the context of 18 U.S.C. § 666). Accordingly, § 666 counts

premised upon alleged conduct involving amounts below $5,000 must be dismissed by the Court. *See, e.g., Mills*, 140 F.3d at 633 ("Because those amounts are below the $5,000 statutory floor, the district court correctly dismissed those counts premised upon alleged violations of 18 U.S.C. § 666.").

"An offense is committed when it is completed . . . that is, when each element of the offense has occurred." *U.S. v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999) (internal citations omitted). Courts have recognized an exception for a "continuing offense." *Id.* An offense is "continuing" if "the explicit language of the substantive criminal statute compels such a conclusion," or "the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie*, 397 U.S. at 115. Although a conspiracy is a continuing offense, *Yashar*, 166 F.3d at 875, numerous courts have held that 18 U.S.C. §666 is not a continuing offense because "the offense is committed and the limitations period begins to run once all elements of the offense are established, regardless of whether the defendant continues to engage in criminal conduct." *Id.* at 879-80, *see, e.g.*, *U.S. v. Sunia*, 643 F.Supp.2d 51, 72-75 (D.D.C. 2009), *U.S. v. Donehue*, 2008 WL 1900992 *2 (N.D.CA Apr. 28, 2008), *U.S. v. Jones*, 676 F.Supp.2d 500, 518 (W.D.TX 2009) (holding that bribery under I8 U.S.C. §666(a)(1)(B) is not a continuing offense).

In *U.S. v. Askia*, 893 F.3d 1110, 1118 (8th Cir. 2018), the court stated that a §666(a)(1)(A) offense "is completed once each element of the offense has occurred. A defendant's 'instantaneous events,' *Toussie*, 397 U.S. at 122, 90 S.Ct. 858—embezzling or stealing property from an organization receiving federal grant funds—complete the crime." In *Askia,* the Court recognized that treating §666 as a continuing offense would extend the statute of limitations beyond its stated term. *Askia*, 893 F.3d at 1119.

The court in *Yashar* recognized that a prosecutor's charging decision regarding the scope of the charge would improperly determine the running of the statute of limitations. *Yashar*, 166 F.3d at 878. The prosecutor would, in effect, control the running of the statute of limitations instead of its intended purpose limiting prosecutorial power. *Id.* The court stated as follows:

> Virtually any criminal actions that extend over time could fall within this expansive definition depending upon how a prosecutor chose to charge a case. A prosecutor has a great deal of discretion in deciding whether to charge a course of conduct as a single offense or as multiple offenses. Under the government's argument, that charging decision could delay the running of the limitations period on the discrete offenses.

*Id.* at 878-79 (internal citations omitted).

Mr. Henderson recognizes that he is not charged with a substantive violation of 18 U.S.C. §666, rather, he is charged with a conspiracy (18 U.S.C. §371) to commit federal program fraud. The difficulty in this case is that the government has charged Mr. Henderson with a conspiracy that spans an eight year period. The government is reaching back in time, through the conspiracy count, to incorporate conduct that would otherwise be barred by the statute of limitations. The government is using the conspiracy count to transform an offense that is not a "continuing offense" (18 U.S.C. §666) into a continuing offense. Based on how the government has charged this case, it is impossible for Mr. Henderson to raise a statute of limitations defense because it is impossible to determine the twelve month period(s) in which $5,000.00 or more worth of property was converted.

The government's charging decision in this case causes untenable results. There is no dispute that the government can aggregate individual thefts (or conversion of property to personal use) to reach the $5,000.00 threshold. Aggregating individual thefts is permissible, however, only within a twelve month period. *See Valentine*, 63 F.3d 459. In *U.S. V. Hines*, 541

F.3d 833, 837 (8th Cir. 2008), the court stated that "[s]ignificant longstanding schemes that extend for longer than one year, such as the one that took place in the St. Louis County Sheriff's Office, may be charged in multiple counts so long as the $5,000.00 requirement is met in each one-year time period." This language is entirely consistent with *Valentine*, which stated that "nothing in the legislative history shows that Congress intended to reach theft of insignificant amounts by allowing the government to aggregate conduct over an indefinite, expansive period of time." *Valentine*, 65 F.3d at 464.

The reasoning in *Hines* makes clear that this Indictment contains multiple charges in a single count. As an example, the Indictment alleges that Mr. Henderson converted property to personal use in 2011. The Indictment alleges four dates in 2011 on which the illegal conduct occurred: May 2, 2011, May 6, 2011, June 17, 2011, and October 5, 2011. (Doc. 3 pg. 13, ¶ 26). The total value of property alleged to have been converted to personal use is $3,316.00, well below the $5,000.00 statutory threshold. *Id.* If the government was able to meet the $5,000.00 statutory threshold, then all conduct occurring in 2011 should be charged as a separate count in the Indictment. This holds true for each subsequent calendar year.[1] This Indictment includes allegations against Mr. Henderson spanning eight calendar years in one count. The government should have charged each year as a separate count of the Indictment.

Mr. Henderson agrees with the government's recitation of the elements of a conspiracy offense. (Doc. 26, pg. 7). At issue is the second element, "the purpose of which [the conspiracy] was to steal federal program funds, in violation of 18 U.S.C. §666(a)(1)(A)." *Id.* To prove the conspiracy, the government must prove that Mr. Henderson conspired to convert property valued at $5,000.00 or more to personal use. *See U.S. v. Underwood*, 2021 WL 22469 *4 (D.SC Jan. 2,

---

[1] Mr. Henderson uses a calendar year as an example and does not intend to suggest that the government is limited to calendar years. Any twelve month period, however calculated, is appropriate.

2021) and *U.S. v. Webster-Valentino*, 2017 WL 8801908 *4 (D.NE Dec. 13, 2017). Again, pursuant to *Valentine*, the $5,000 conversion would have to occur in a twelve month period. The Indictment fails to meet this requirement. Simply put, one can not conspire to violate 18 U.S.C. §666(a)(1)(A) unless the purpose of the conspiracy was to convert property valued at $5000 or more to personal use in a twelve month period.

For the foregoing reasons, the Indictment should be dismissed because it is duplicitous insofar as count one alleges multiple conspiracies in the same count.

Respectfully submitted on June 17, 2022.

                                               s/ Robert R. Kurtz
                                               Robert R. Kurtz
                                               BPR No. 20832
                                               422 S. Gay St., Ste. 301
                                               Knoxville, TN 37902
                                               865-522-9942
                                               rrkurtz@gmail.com