IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID HENDERSON, )<br>)<br>Defendant. ) | No. 3:22-CR-14-TAV-JEM |

**REPORT AND RECOMMENDATION**

This case is before the Court for report and recommendation on Defendant David Henderson's Motion to Dismiss the Indictment for Failure to State an Offense [Doc. 14] and Motion to Dismiss Indictment Based on Duplicity [Doc. 16]. *See* 28 U.S.C. § 636(b). Defendant argues that the Indictment, which charges conspiracy to commit federal program fraud, fails to state an offense and is duplicitous because it does not allege that at least $5,000 of property was converted in a twelve-month period. For the reasons explained below, the undersigned recommends that the District Judge **DENY** both motions [Docs. 14 & 16].

**I.  BACKGROUND**

The Grand Jury for the Eastern District of Tennessee returned an Indictment against Defendant [Doc. 3]. In the Indictment, Defendant is charged with one count of conspiracy to commit federal program fraud, in violation of Title 18, United States Code, Section 371 [*Id.*]. The Government asserts that Defendant was employed by the Knox County Sheriff's Office ("KCSO"), a local governmental agency in Knoxville, Tennessee [*Id.* ¶¶ 1–2]. The KCSO was fully funded by the Knox County government's General Fund, three percent of which came from federal grant money, including federal grants for the housing of federal detainees in the Knox County jail under

18 U.S.C. § 4002 [*Id.* ¶ 3]. The Government asserts that, at all material times, KCSO received more than $10,000 per year in federal grant funds [*Id.* ¶ 4].

Also at all times material to the allegations set forth in the Indictment, Defendant was the Chief of the KCSO Narcotics Unit, which is the KCSO's drug-enforcement unit, and had supervisory authority over all KCSO officers who worked in that unit [*Id.* ¶¶ 5–6]. The Narcotics Unit maintained a cash fund that consisted of money seized by the KCSO in accordance with state law from criminal defendants and/or enterprises [*Id.* ¶¶ 9–10]. The purpose of the fund was to purchase equipment and supplies for KCSO operations, such as pole cameras [*Id.* ¶ 9]. KCSO officers were authorized to take money from the fund prior to making an official purchase, or they were authorized to make the purchase first and then seek reimbursement from the fund [*Id.* ¶ 10]. In either case, the KCSO officer was required to submit a receipt for record-keeping purposes [*Id.*]. At the end of each month, a KCSO officer would reconcile all purchases made with money from the fund and report those purchases to an employee of the KCSO's Finance Department [*Id.*].

The Narcotics Unit also maintained a credit card, which was used for covert purposes only [*Id.* ¶ 11]. To maintain the security and integrity of ongoing non-public investigations, purchases made with the credit card were not disclosed to the public [*Id.*]. The card was kept in a safe within the Narcotic Unit's building, and officers who used the card were required to return it to the safe along with all receipts of purchases [*Id.*].

The Government alleges that from in or around 2011 and continuing uninterrupted to in or around September 2018, Defendant, together with other unindicted co-conspirators, conspired to commit an offense against the United States—that is, the theft of federal program funds under 18 U.S.C. § 666(a)(1)(A)—in violation of 18 U.S.C. § 371 [*Id.* p. 3]. Generally, the Government asserts that Defendant and his coconspirators would unlawfully enrich themselves and others by,

among other things: (a) using the Narcotics Unit cash fund to purchase items for their own personal use; (b) using the Narcotics Unit credit card for their own personal use or benefit; (c) concealing and causing the concealment of purchases made with the cash fund and credit card by submitting expense reports and credit-card statements to the Knox County Finance Department and representing that the purchases were made for official purposes when they knew that the purchases were solely for their personal benefit or the personal benefit of their family members, associates, or friends; (d) depriving Knox County of the right to its employees' time and labor during official hours by directing certain subordinate Narcotics Unit officers to perform renovation, remodeling, and construction projects of a purely personal nature at various locations and for the personal benefit of various individuals, including but not limited to Defendant's private residence, the private residence of the former Knox County Sheriff, and the private residences of family members, associates, and friends [*Id.* at 3–18].

Defendant timely filed two motions to dismiss the Indictment: a Motion to Dismiss the Indictment for Failure to State an Offense [Doc. 14] and a Motion to Dismiss Indictment Based on Duplicity [Doc. 16]. The Government responded to each [Doc. 26], Defendant replied [Doc. 27], and the Court held a hearing on the motions [Doc. 28]. Assistant United States Attorney William A. Roach, Jr., and Assistant United States Attorney Frank M. Dale, Jr., appeared on behalf of the Government. Attorney Robert R. Kurtz represented Defendant Henderson. The Court heard the parties' arguments on the motions and took the matter under advisement. For the reasons set forth below, the undersigned recommends that the District Judge deny both motions [Docs. 14 & 16].

**II.  ANALYSIS**

Defendant Henderson asks the Court to dismiss the Indictment, arguing that it fails to state an offense [Doc. 14] and that it is duplicitous [Doc. 16]. Under the Federal Rules of Criminal

3

Case 3:22-cr-00014-TAV-JEM   Document 30   Filed 07/29/22   Page 3 of 11   PageID #: 165

Procedure, an "indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim P. 7(c)(1). It must also charge separate offenses in separate counts. Fed. R. Crim. P. 8(a).

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (explaining that an indictment is sufficient if it "'fully, directly, and expressly . . . set[s] forth all the elements necessary to constitute the offense intended to be punished'" (quoting *United States v. Douglas*, 398 F.3d 407, 411 (6th Cir. 2005))). The charging instrument "is usually sufficient if it states the offense using the words of the statute itself as long as the statute fully and unambiguously states all of the elements of the offense." *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001).

"An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002). "'The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both.'" *United States v. Anderson*, 605 F.3d 404, 414 (6th Cir. 2010) (quoting *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997)). Duplicitous indictments do not allow the jury to "convict on one offense and acquit on another," which is why they implicate the Sixth Amendment guarantee of jury unanimity. *Washington*, 127 F.3d at 513.

Each of Defendant's motions is premised on the argument that the Government did not allege that property valued at $5,000 or more was stolen or otherwise misappropriated in any one-

year period [Doc. 15 p. 1; Doc. 17 p. 1]. The Government contends that it need not allege this to charge Defendant with conspiracy to commit federal program fraud in violation of 18 U.S.C. § 371, and the Indictment contains sufficiently specific facts to plead this offense [Doc. 26 p. 1]. The Court, therefore, must determine (1) what must be pled to assert conspiracy to commit federal program fraud in violation of 18 U.S.C. § 371 and (2) whether multiple offenses are charged in the one-count Indictment. For the reasons explained below, the undersigned finds that the Indictment is sufficient to charge a conspiracy to commit federal program fraud and is not duplicitous.

The parties do not dispute the elements the Government must show to allege conspiracy to commit federal program fraud in violation of 18 U.S.C. 371: (1) the defendant knowingly and willingly joined the conspiracy; (2) the purpose of which was to steal federal program funds, in violation of 18 U.S.C. § 666(a)(1)(A); and (3) a member of the conspiracy took an overt act in furtherance of the conspiracy [*See* Doc. 26 p. 7; Doc. 27 p. 5; *see also* Doc. 15 pp. 2–3]. *United States v. Washington*, 715 F.3d 975, 979–80 (6th Cir. 2013); *see also* Sixth Circuit Pattern Jury Instructions, Section 3.01A (stating that three elements are necessary to prove a conspiracy to commit an offense against the United States: (1) two or more persons conspired or agreed to commit the stated offense; (2) the defendant knowingly and voluntarily joined the conspiracy; and (3) a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy). Defendant, however, claims that, on its face, the Indictment fails to allege a necessary part of the second element; that is, that the purpose of the conspiracy was to steal federal program funds in violation of 18 U.S.C. § 666(a)(1)(A). According to Defendant, a necessary element to prove that the purpose of the conspiracy was to violate § 666(a)(1)(A) is to allege that $5,000 or more worth of property was converted for personal use in a twelve-month period, and he says the Indictment is deficient in that respect [Doc. 27 pp. 1–2].

5

In other words, Defendant asserts that "one can not [sic] violate 18 U.S.C. § 666(a)(1)(A) unless the purpose of the conspiracy was to convert property valued at $5000 or more to personal use in a twelve[-]month period" [*Id.* at 6].

The Government does not dispute that this provision would be required to allege a violation of § 666(a)(1)(A), but it asserts that it has not charged Defendant with violation of § 666(a)(1)(A) and it therefore does not need to allege or prove the elements necessary to sustain a violation of § 666(a)(1)(A) [Doc. 26 p. 8]. The Government's position is supported by applicable Sixth Circuit precedent. Whether $5,000 or more worth of property was converted for personal use in a twelve-month period by Defendant is an element of the underlying substantive offense of theft or bribery concerning programs receiving federal funds under 18 U.S.C. § 666(a)(1)(A). The Government does not have to prove the elements of that offense—that is, federal program fraud—to convict Defendant of conspiracy. *See United States v. Phillips*, 872 F.3d 803, 806 (6th Cir. 2017) (finding the same for a fraud conspiracy). "It is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues." *Salinas v. United States*, 522 U.S. 52, 65 (1997); *see also Phillips*, 872 F.3d at 806 (quoting *Salinas*). "And it is equally elementary that '[a] conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense.'" *Phillips*, 872 F.3d at 806–07 (quoting *Salinas*) (alteration in original); *see also Pinkerton v. United States*, 328 U.S. 640, 643 (1946) ("[T]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses.").

"That's the lesson of *United States v. Washington*, 715 F.3d 975 (6th Cir. 2013)." *Phillips*, 872 F.3d at 807. In *Washington*, "[a] jury convicted the defendant of conspiracy to commit program fraud." *Id.* The defendant "challenged the verdict on the ground that the government failed to prove that she 'embezzled, stole or fraudulently obtained property,' [which is] an element

6

of the underlying substantive offense of program fraud." *Id.* (quoting *Washington*, 715 F.3d at 979). But the Sixth Circuit Court of Appeals rejected that argument. It said "[i]t was enough for the government to prove that the defendant knowingly and voluntarily joined an agreement to defraud and that a member of the conspiracy took an overt act in furtherance of it." *Id.* (citing *Washington*, 715 F.3d at 980). "The same conclusion applies here." *Id.*[1]

Defendant relies upon *United States v. Valentine*, 63 F.3d 459 (6th Cir. 1995), to argue the Government's allegations here are not enough [Doc. 15 p. 3–4; Doc. 27 pp. 1–2]. In *Valentine*, the Sixth Circuit held that to establish a violation of § 666(a)(1)(A), the Government must prove that the defendant converted $5,000 or more worth of property for personal use in a twelve-month period. 63 F.3d at 463–64. But *Valentine* did not involve a violation of § 371 or any other conspiracy; rather, the defendant in that case was charged only with the substantive offense of federal program fraud in violation of 18 U.S.C. § 666(a)(1)(A). *Id.* at 461. *Valentine* is therefore inapposite to whether the Indictment in this case sufficiently alleges violation of § 371.[2]

Acknowledging that a conspiracy is a "continuing offense," Defendant also argues that § 666(a)(1)(A) is not a continuing offense and "'is completed once each element of the offense has occurred'" [Doc. 27 p. 3 (quoting *United States v. Askia*, 893 F.3d 1110, 1118 (8th Cir. 2018)]. Thus, he argues, the Government is using the conspiracy charge to "reach back in time," and treat

---

[1] At the hearing, Defendant asserted that, in *Washington*, the face of the indictment alleged a specific time period and a monetary threshold. Even so, the Court of Appeals did not hold that an indictment alleging conspiracy to commit federal program fraud must allege those matters; indeed, its holding seems to expressly indicate otherwise.

[2] The Court observes that in *Washington*, a case involving conspiracy to commit program fraud, the Court of Appeals did not even cite *Valentine*, despite *Valentine* being decided over a decade before *Washington* and despite the fact that *Valentine* was cited in *United States v. Hudson*, 491 F.3d 590 (6th Cir. 2007), a case the Court of Appeals cited when explaining the elements for program fraud in *Washington*. *See Washington*, 715 F.3d at 979.

7

a non-continuing offense as a continuing offense and "incorporate conduct that would otherwise be barred by the statute of limitations" [*Id.* at 4].

The Government agreed at the hearing that § 371 is a continuing offense, and here it started in 2011 and continued through 2018. Had it alleged a substantive offense during the same time period, it further conceded that, under *Valentine*, Defendant is correct that the Government would have had to allege a $5,000 loss within a twelve-month period. But it characterized Defendant's argument as "misdirected" because Defendant is not charged with federal program fraud; rather, the federal program fraud is the object of the conspiracy alleged and it is not required to prove that the object of the conspiracy was completed. Thus, the Government submits, only the law on conspiracy applies here, not the law related to § 666(a)(1)(A).

Had the Government charged Defendant with a substantive violation of federal program fraud, Defendant's arguments would have merit; indeed, the Government concedes as much. But the Government charged him with conspiracy under § 371, and Defendant admits conspiracy is a continuing offense [Doc. 27 p. 3]. Because conspiracy is a continuing offense, the Government need only allege an overt act within five years of the Indictment. *See Grunewald v. United States*, 353 U.S. 391, 396–97 (1957). Defendant does not seem to assert that it has not done so here, and the Court finds the Government has sufficiently asserted an overt act within five years of the Indictment.[3]

---

[3]    Defendant cites *United States v. Yashar*, 166 F.3d 873 (7th Cir. 1999), and *United States v. Askia*, 893 F.3d 1110 (8th Cir. 2018), in support of his argument that the Government is using the conspiracy count to charge Defendant with conduct that would otherwise be barred by the statute of limitations [Doc. 27 pp. 3–4]. The Court has reviewed these cases but finds them inapposite, as each involved charges only under § 666, not a conspiracy charge.

Defendant also refers the Court to *United States v. Hines*, 541 F.3d 833 (8th Cir. 2008), which he asserts "makes clear that this Indictment contains multiple charges in a single count" [Doc. 27 p. 5]. In *Hines*, the Eighth Circuit Court of Appeals held that, in charging a defendant under § 666, "longstanding schemes that extend for longer than a year . . . may be charged in multiple counts so long as the $5,000 requirement is met in each one-year time period." 541 F.3d at 837. But this holding relates to charges brought under § 666, not to a conspiracy charge brought under § 371.[4] In any event, the Eighth Circuit found that, under § 666, the government is permitted "aggregate multiple transactions in a single count to reach the $5,000 minimum so long as they were part of a single plan or scheme." *Id.* at 837*, see also United States v. Sanderson*, 966 F.2d 184, 189 (6th Cir. 1992) (observing that "under section 666, where multiple conversions are part of a single scheme, it seems appropriate to aggregate the value of property stolen in order to reach the $5,000 minimum required for prosecution"). *Hines*, however, does not require aggregation. *See United States v. Nystrom*, No. 07–30100–03–KES, 2008 WL 4833984, at *11 (D. S.D. Nov. 4, 2008) ("Thus, the issue of whether the government should be *allowed* to aggregate in order to meet the $5,000 threshold for prosecution under § 666 is a distinct issue from whether the government is *required* to consolidate separate acts that each by themselves meet the $5,000 requirement."). Furthermore, upon review of the Indictment in this case, the Court agrees that it "alleges multiple incidents of theft over a 93-month period" [Doc. 17 p. 4; *see* Doc. 3]. But, as the

---

[4] The defendant in *Hines* was convicted of one count of conspiracy, in addition to ten counts of accepting bribes in violation of 18 U.S.C. § 666(a)(1)(B). 541 F.3d 833, 835 (8th Cir. 2008). The Court of Appeals did not address whether the Government was required to show a minimum amount within a twelve-month period to sustain the conspiracy charge. Rather, with respect to the conspiracy conviction, the Court held Wharton's Rule, which merges a conspiracy conviction with convictions on the substantive offenses, did not apply. *Id.* at 838 (observing that Wharton's Rule "applies when there is a 'general congruence'" between the conspiracy and the underlying offenses (internal quotation omitted)).

9

Government contends, those incidents are overt acts in furtherance of the single conspiracy charged in the Indictment, which began in or around 2011 and continued uninterrupted through in or about September 2018 [Doc. 3]. *See Braverman v. United States*, 317 U.S. 49, 54 (1942) ("The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects'. A conspiracy is not the commission of the crime which it contemplates, and neither violates nor 'arises under' the statute whose violation is its object." (citations omitted)).

In sum, the Court finds that the Indictment, charging Defendant with violation of 18 U.S.C. § 371, contains the elements of the offense, fairly informs Defendant of the charge against which he must defend, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. The Court further finds the Indictment is not duplicitous because it does not set forth separate and distinct crimes in one count; rather, it sets forth one count of conspiracy to commit federal program fraud in violation of 18 U.S.C. § 371.[5]

---

[5] Even if duplicitous, duplicity issues may be cured with a unanimity instruction to the jury. *See United States v. Williams*, 998 F.3d 716, 735 (6th Cir. 2021) ("The district court also cured any potential duplicity issue with unanimity instructions to the jury." (citations omitted)).

### III. CONCLUSION

For the reasons explained above, the undersigned respectfully **RECOMMENDS** that that the District Judge **DENY** the Motion to Dismiss the Indictment for Failure to State an Offense [Doc. 14] and **DENY** the Motion to Dismiss Indictment Based on Duplicity [Doc. 16].[6]

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[6] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).