UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA

v.   No. 3:22-CR-14
     Varlan/McCook

DAVID HENDERSON

___

**OBJECTIONS TO REPORT AND RECOMMENDATION (Doc. 30)
REGARDING DEFENDANT'S MOTIONS TO DISMISS**

___

**I. Introduction**

Comes the Defendant, David Henderson, through counsel, pursuant to Fed. R. Crm. Pro. 59(b)(2), and objects to the Report and Recommendation (Doc. 30) filed on July 29, 2022, recommending the denial of Mr. Henderson's Motion to Dismiss the Indictment for Failure to State an Offense (Doc. 14) and Motion to Dismiss Indictment Based on Duplicity (Doc. 16). The Report and Recommendation held that the "Government does not have to prove the elements of that offense- that is, federal program fraud- to convict Defendant of conspiracy." (Doc. 30, PageID # 168). (citation omitted). The Report and Recommendation also held that the "Indictment is not duplicitous because it does not set forth separate and distinct crimes in one count, rather, it sets forth one count of conspiracy to commit federal program fraud in violation of 18 U.S.C. § 371." (*Id.* at PageID # 172). Mr. Henderson respectfully submits that the Report and Recommendation is in error.

The Indictment in this case violates the Sixth Amendment's notice requirement that a defendant has the right "to be informed of the nature and cause of the accusation" against him.

U.S. Const., Amend. VI. The Indictment also violates the Fifth Amendment requirement that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury...." U.S. Const. Amend. V; *See also Apprendi v. New Jersey*, 530 U.S. 466. Finally, the Indictment, as drafted, is duplicitous because it alleges alleges one conspiracy to commit federal program fraud over a period of approximately ninety-three (93) months without identifying a one year period in which $5,000.00 or more worth of property was stolen or misappropriated.

The substantive portion of the Indictment alleges as follows:

> Between in or around 2011, and continuing uninterrupted to in or about September, 2018, in the Eastern District of Tennessee and elsewhere, the defendant, DAVID HENDERSON, together with other unindicted co-conspirators, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit an offense against the United States—that is, the theft of federal program funds under 18 U.S.C. § 666(a)(1)(A)--in violation of 18 U.S.C. § 371.

(Doc. 3, PageID # 5). The Indictment avers as follows:

> From in or around 2011 and continuing uninterrupted to in or around September 2018, DAVID HENDERSON was the Chief of the KCSO Narcotics Unit ("Narcotics Unit").

(Doc. 3. PageID # 3, ¶ 5).

> At all time relevant to this Indictment, DAVID HENDERSON had supervisory authority over all KCSO officers who worked in the Narcotics Unit.

(*Id.* at ¶ 6).

> Between in or around 2011, and continuing uninterrupted to in or about September, 2018, in the Eastern District of Tennessee and elsewhere, the defendant, DAVID HENDERSON, together with other unindicted co-conspirators, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each

> other to commit an offense against the United States—that is, the theft of federal program funds under 18 U.S.C. § 666(a)(1)(A)--in violation of 18 U.S.C. § 371.

(Doc. 3, PageID # 5).

> At all times material to this Indictment, as an agency of the Knox County government, the KCSO received more than $10,000 per year in federal grant funds.

(Doc 3. PageID # 3, ¶ 4).

The elements of a conspiracy under 18 U.S.C. § 371 are: (1) that the conspiracy described in the indictment was willfully formed, and was existing at or about the time alleged; (2) that the accused willfully became a member of the conspiracy; (3) that one of the conspirators thereafter knowingly committed at least one of the overt acts charged in the indictment, at or about the time and place alleged; and (4) that such overt act was knowingly done in furtherance of some object or purpose of the conspiracy as charged. *U.S. v. Sturmam*, 951 F.2d 1466, 1474 (6th Cir. 1991) (quoting *U.S. v. Meyers*, 646 F.2d 1142, 1143-44 (6th Cir. 1981)). In order to sustain a conviction under 18 U.S.C. § 666(a)(1)(A), the government must prove: (1) that the defendant was an agent of a state, local, or tribal government or agency; (2) the defendant embezzled, stole, fraudulently obtained or without authority knowingly converted property worth at least $5,000.00 or more which was under the control, care or supervision of the government or agency; and (3) the government or agency received in excess of $10,000.00 in federal funds in any one year period. *U.S. v. Valentine*, 63 F.3d 459, 462 (1995). The Indictment in this case alleges all of the essential elements establishing a violation of 18 U.S.C. § 666(a)(1)(A) except one; the Indictment does not allege that property worth at least $5,000.00 or more was stolen or otherwise misappropriated during a specific one year period.

## II. The Indictment Fails to State an Offense

In *Russell v. U.S.,* 369 U.S. 749, 763-64 (1962), the United States Supreme Court described two of the criteria by which the sufficiency of an indictment under the Fifth and Sixth Amendments may be measured:

> These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet,' " and, secondly, " 'in the case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' "
> (citations omitted)

A bill of particulars can not save an invalid indictment. *Id.* at 770. Likewise, neither a jury instruction nor a jury verdict can cure an indictment that violates the Fifth Amendment. *U.S. v. Hooker*, 841 F.2d 1225, 1232 (4th Cir. 1988).

18 U.S.C. § 371 prohibits two types of conspiracies. *U.S. v. Tipton*, 2008 WL 698941 (6th Cir. March 14, 2008). The first is a conspiracy to commit a substantive offense proscribed by another statute (offense clause conspiracy). *Id., See U.S. v. Vazquez,* 319 F.2d 381, 384 (3rd Cir. 1963). The second, completely defined in § 371, is a conspiracy to defraud the United States (defraud clause conspiracy). *U.S. v. Kraig,* 99 F.3d 1361, 1366 (6th Cir. 1996). An indictment under the "defraud clause" portion of the statute need refer to no statute other than § 371. *U.S. v. Vogt*, 910 F.2d 1184, 1200 (4th Cir. 1990). A conspiracy charged under the defraud clause portion of the statute is itself the substantive offense. *See Glasser v. U.S.*, 315 U.S. 60, 67 (1942); *Vazquez*, 319 F.2d at 384. It is undisputed that Mr. Henderson is charged under the "offense clause" portion of the conspiracy as the Indictment specifically alleges "the theft of

federal program funds under 18 U.S.C. § 666(a)(1)(A)--in violation of 18 U.S.C. § 371." (Doc. 3, PageID # 5).

A conspiracy indictment does not have to allege every element of the underlying offense, but it must give a defendant notice that he is being charged with a conspiracy to commit the underlying substantive offense. *U.S. v. Werme*, 939 F.2d 108, 112 (3rd Cir. 1991). In *Werme*, the defendant was charged with a conspiracy (pursuant to 18 U.S.C. § 371) to violate the Travel Act (18 U.S.C. § 1952(a)(3)). The court noted that the indictment would have been insufficient had it only alleged that the defendant conspired to violate 18 U.S.C. § 1952(a)(3). *Id.* n. 1. The court reasoned that because 18 U.S.C. § 1952(b) defined "unlawful activity" as a number of different types of conduct, a defendant would not be on notice as to the unlawful conduct he was alleged to have conspired to commit. *Id. Werme* does not stand alone.

In *U.S. v. Hooker*, 841 F.2d 1225 (4th Cir. 1988), the defendant was charged with conspiring to commit a RICO offense in violation of 18 U.S.C. § 1962(c). The defendant moved to dismiss that count of the indictment for failing to include an element of the underlying substantive offense: that the business enterprise had an effect on interstate commerce. *Id.* at 1226. The district court denied the motion. On appeal, the Fourth Circuit framed the issue as "whether the failure of Count III of the indictment to include one essential element of the [underlying] offense charged in the count invalidated this count of the indictment and required its dismissal." *Id.* at 1227.

The government advanced four arguments as to why the indictment was sufficient. *Id.* First, the government argued that the failure to include the "effect on interstate commerce" language was cured by citation to the relevant statute. The Court rejected this argument and held

that the sufficiency of an indictment is based on the facts pled in the indictment rather than the statutory citation. *Id* at 1228 (quoting *U.S. v. Wuco,* 535 F.2d 1200, 1202 n. 1 (9th Cir. 1976), *cert. denied, 429 U.S. 978 (1976).* The Court noted that this rule had been adopted by eight other circuits, including the Sixth Circuit. *See U.S. v. Jones*, 647 F.2d 696, 699-700 (6th Cir. 1981). The Court specifically rejected the government's argument that the "effect on interstate commerce" language was unnecessary because the count charged a conspiracy rather than a substantive offense. *Id.* at 1229. In that regard, the Court held:

> Although an offense that is the object of a conspiracy need not be delineated in the indictment with the same particularity as a substantive offense, *Wong Tai v. United States,* 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927), this admonition applies to the statements of fact that "flesh out" the indictment—not the basic elements of the offense itself. *Nelson v. United States,* 406 F.2d 1136 (10th Cir. 1969). *Wong Tai* contains no language which would impart validity to an indictment which omits an allegation of an element of the crime charged nor does it suggest at any time in the opinion that a mere citation of the statute under which the indictment issues will satisfy the requirement that the indictment contain a clear statement of the elements of the offense charged.

*Id.* at 1229-30.

Next, the government argued that the defendant had adequate notice of the charges against him. *Id.* at 1230. The Court rejected this argument as well. *Id.* The Court held that the notice required by the Sixth Amendment was only one part of the equation. *Id.* In addition, the Fifth Amendment requires that the grand jury consider and find all the elements to be present. *Id; See also U.S. v. Kingrea*, 573 F.3d 186, 193 (4th Cir. 2009). An indictment must contain both. "[A] sufficient indictment must contain the elements of the offense ***and*** apprise the defendant of the nature of the charge." *Id.* If either is lacking, the indictment is deficient. *Id.* In

*Hooker*, the Court found the indictment insufficient because it failed to contain a necessary element found by the grand jury. *Id.*

The third argument advanced by the government was that the indictment as a whole was sufficient because other parts of the indictment referenced an effect on interstate commerce. *Id.* The Court rejected this argument because the count of the indictment in question did not incorporate by reference the other counts in the indictment with the operative language. *Id.* at 1231.

Finally, the government argued that any deficiency in the indictment was cured by the charge to the jury. *Id.* The trial court instructed the jury that to convict on the RICO conspiracy, they must find that the business enterprise had an effect on interstate commerce. *Id.* The Court rejected this argument on the basis that the essential element of the underlying offense missing from the indictment was the element that established the court's jurisdiction over the offense. *Id.* at 1232. The Court reasoned that the first four elements of the RICO conspiracy contained in the indictment, by themselves, did not state a federal offense nor did it show that the grand jury found all the elements of a federal offense. *Id.* In short, the court lacked jurisdiction because of the failure to include the final essential element. *Id.*

In *U.S. v. Kingrea*, 873 F.3d 186 (4th Cir. 2009), the defendant was charged with conspiracy (pursuant to 18 U.S.C. § 371) to violate 7 U.S.C. § 2156(a)(1). The defendant moved to dismiss that count of the indictment because it failed to allege an element necessary for conviction of the underlying substantive offense. The Court, citing *Hooker*, agreed with the defendant and dismissed that count. *Id.* The Court held that by failing to allege an essential element on the underlying offense, the government broadened "the character of the crime beyond

the scope of the crime as Congress has defined it in the applicable statute." *Id.* at 192. The Court specifically rejected the government's argument that the element of the underlying offense was unnecessary because the count charged a conspiracy under 18 U.S.C. § 371 rather then a substantive offense. *Id.* at 192-93. The Court stated that by failing to allege an essential element of the underlying substantive offense and "contrary to the government's assertion that it properly alleged a conspiracy to violate § 2156(a)(1), the indictment also failed to state an offense against the United States as the object of the conspiracy under 18 U.S.C. § 371." *Id.* at 193.

In *Nelson v. U.S.*, 406 F.2d 1136 (10th Cir. 1969), the defendant was charged with conspiring to transport altered securities in interstate commerce in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2314. The defendant moved to dismiss the indictment based on the failure of the indictment to allege that the overt acts were accomplished "with unlawful and fraudulent intent," an essential element required for a substantive violation of 18 U.S.C. § 2314. *Id.* at 1136-37. While acknowledging that conspiracy indictments do not have to allege the underlying offense with the same particularity as would be required to charge the substantive offense, the Tenth Circuit stated that conspiracy indictments demand close scrutiny. *Id.* at 1137 (quoting *Dennis v. U.S.*, 384 U.S. 855, 860 (1966). The Tenth Circuit found that the indictment failed to allege an essential element, and dismissed the indictment because it did not give adequate notice to the defendant. *Id.* at 1138.

The Indictment in this case fails to allege that $5000.00 or more worth of property was stolen or otherwise misappropriated in a one year period, an essential element to establish a violation of 18 U.S.C. § 666(a)(1)(A). *U.S. v. Valentine*, 63 F.3d 459 (1995). The Report and Recommendation focused on the wrong issue when it stated that the "Government does not have

to prove the elements of that offense- that is, federal program fraud- to convict Defendant of conspiracy." (Doc. 30, PageID # 168). The issue is **not** what the government is required to prove at trial. Rather, the issue is whether the Indictment complies with the Sixth Amendment notice requirement and the Fifth Amendment requirement that the grand jury consider and find all the elements present.

The Indictment in this case suffers from the same deficiencies as the cases cited above. Because the Indictment fails to allege that $5000.00 or more worth of property was stolen or otherwise misappropriated in a one year period, it fails to state an offense against the United States. *See Kingrea*, 573 F.3d 193-94. Contrary to the Report and Recommendation's assertion (Doc. 30, PageID # 172 n. 5), a jury instruction can not cure this defect. *See Hooker*, 841 F.2d 1225 and *Kingrea*, 573 F.3d 186.

This Indictment embodies the very danger warned against in *Kingrea*. 573 F.3d at 192. Because the Indictment fails to allege an essential element of a § 666(a)(1)(A) offense, it broadens the character and scope of the crime beyond that which Congress defined in the statute. It also broadens the character and scope of the statute beyond that defined by the Sixth Circuit in *Valentine*. Rather than aggregating distinct thefts in a one year period, the government has aggregated alleged thefts over a ninety-three (93) month period.

The legislative history of § 666 is clear. The Sixth Circuit has observed as follows:

> Again, nothing in the legislative history shows that Congress intended to reach theft of insignificant amounts by allowing the government to aggregate conduct over an indefinite, expansive period of time. Accordingly, we hold that a natural reading of the statute requires the $5,000 theft to occur during a one-year period. Here, the indictment improperly included numerous incidents of theft over a three-year period as did the evidence presented at trial,

> and for this reason, neither defendant's conviction on Count One or Count Two may stand.

*Valentine*, 63 F.3d at 464. The parties appear to agree that *Valentine* mandates that a one-year limitation period attaches to the $5,000 threshold requirement for a § 666(a)(1)(A) offense.

Most recently, the Fourth Circuit addressed the scope and character of § 666 in *U.S. v. Spirito*, 36 F.4th 191 (4th Cir. 2022). According to the Fourth Circuit, Congress enacted § 666

> to "augment the ability of the United States to vindicate *significant acts* of theft, fraud, and bribery involving Federal monies that are disbursed to private organizations of State and local governments pursuant to a Federal program." S.Rep. No. 225, 98th Cong., 2d Sess. 369, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3510 (emphasis added). Congress intended the terms of the statute to be construed "consistent with the purpose of this section to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery." S.Rep. No. 98–225 at 370; 1984 U.S.C.C.A.N. at 3511. "The phrase 'significant acts of theft, fraud, and bribery' suggests that Congress did not intend the statute to reach theft of minimal amounts ...." *United States v. Valentine*, 63 F.3d 459, 463 (6th Cir. 1995). The temporal limitation requirement, paired with the monetary threshold requirement, brings this stated objective to life: without the temporal limitation, the government could aggregate small thefts over years, decades, or even a defendant's lifetime to meet the $5,000 statutory minimum. In other words, the government's proposed statutory construction would nullify congressional intent by allowing the statute to reach insignificant acts of theft over an indefinite time period.

*Id.* at 204-05.

In Mr. Henderson's Indictment, the government is broadening the character and scope of the underlying statute. The government argues that it is not required to allege a violation of the underlying substantive offense because it charged a conspiracy pursuant to § 371 as opposed to a substantive offense pursuant to § 666. This very argument has been rejected by numerous courts. The government's interpretation impermissibly broadens the character and scope of §

666 and lessens the government's burden of proof. Because the Indictment fails to allege $5000.00 or more worth of property was stolen or otherwise misappropriated in a one year period, it fails to state an offense against the United States as the object of the conspiracy under 18 U.S.C. § 371." *See Kingrea*, 573 F.3d at 193.

The government relies on § 371 to dispense with an essential element required in § 666. The government disregards an essential element of the substantive offense that is the object of the conspiracy. The government uses § 371 to aggregate small thefts over a period of years to meet the statutory threshold, and thus negates congressional intent that § 666 not be used to reach insignificant acts of theft over an indefinite period. The government is lessening its evidentiary burden by avoiding the $5000.00 in one year period element.

This Indictment does not give Mr. Henderson adequate notice as to the charge he must defend against because it is impossible to determine the one year period in which the alleged theft or misappropriation is to have occurred. The Indictment is deficient because, as drafted, it is impossible for Mr. Henderson to plead double jeopardy in a subsequent prosecution. Finally, although the grand jury considered and found a number of the essential elements for a § 666 violation, the grand jury did not consider and did not find that $5000.00 or more worth of property was stolen or misappropriated in a one year period.

For all of the foregoing reasons, the Indictment fails to properly state an offense and must be dismissed.

### III. The Indictment is Duplicitous

"An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *U.S. v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002), *see also U.S. v. Hood*, 210 F.3d 660, 662 (6th Cir. 2000). The primary problem with duplicitous counts is that the jury may not arrive at a unanimous verdict on a specific count. *U.S. v. Washington,* 127 F.3d 510, 513 (6th Cir. 1997). Other adverse effects on a defendant "may include improper notice of the charges against him, in sentencing, in limiting review on appeal, and in exposure to double jeopardy." *U.S. v. Duncan*, 850 F.2d 1104, 1108 n.4, (6th Cir. 1988). When a defendant raises the duplicity issue prior to trial, the duplicitous count of the indictment may be properly dismissed. *U.S. v. Adesida*, 129 F.3d 846, 849 (6th Cir. 1997).

A duplicitous charge further prejudices the Defendant at trial because evidentiary rulings permitting evidence to come in as to one of the separate offenses may be inadmissible on another. *See U.S. v. Pavloski*, 574 F. 2d 933, 936 (7th Cir. 1978); *U.S. v. UCO Oil Company*, 546 F. 2d 833, 835 (9th Cir. 1976). As a general rule, duplicitous conspiracy charges are impermissible. *See Kotteakos v. U.S.*, 328 U.S. 750 (1946). The rationale for dismissing a single conspiracy count which contains multiple conspiracies is based upon the same concept of impermissible variance of proof. *See Stirone v. U.S.,* 361 U.S. 212 (1960). Duplicitous indictments can prevent jurors from acquitting on a particular charge because they decide to convict on another charge which is improperly lumped together in a single count. When this occurs, it is impossible to determine whether all twelve jurors unanimously agree that the Defendant committed even one of the separate offenses contained within the duplicitous count. *UCO Oil Company*, 546 F. 2d 833.

The Report and Recommendation misstates the relevant issue by finding that the "Indictment is not duplicitous because it does not set forth separate and distinct crimes in one count, rather, it sets forth one count of conspiracy to commit federal program fraud in violation of 18 U.S.C. § 371." (*Id.* at PageID # 172). The issue before the Court is whether an Indictment that charges a single conspiracy to violate § 666 over a period of ninety-three (93) months without delineating a one year period in which $5000.00 or more worth of property was stolen, alleges multiple conspiracies in a single count. Mr. Henderson submits that charging a conspiracy to violate § 666 over such expansive time period is, by definition, duplicitous.

In *Spirito*, the Fourth Circuit concluded that § 666 requires each transaction aggregated to reach the $5000.00 threshold, must occur within the same one year period. 36 F.4th at 205. In doing so, the Fourth Circuit cited with approval the Sixth Circuit's conclusion in *Valentine* that "[t]he interrelationship between subsections (a) and (b) of the statute mandates that a one-year limitation likewise attaches to the $5,000 threshold requirement." 63 F.3d at 464. The Fourth Circuit also cited, with approval, the Eight Circuit's conclusion in *U.S. v. Hines*, 541 F.3d 833, 837 (8th Cir. 2008) that "[s]ignificant longstanding schemes that extend for longer than one year ... may be charged in multiple counts so long as the $5,000 requirement is met in each one-year time period" "wherein the government agency or organization received $10,000 or more in federal funds." *Spirito* 36 F.4th at 205.

The Indictment in this case does not allege a one year period in which the theft of $5000.00 or more worth of property occurred. Instead, the Indictment alleges one conspiracy over a ninety-three (93) month period. Under *Valentine*, the government has to specify the one year period in which the theft occurred. As it is currently drafted, the Indictment can be read to

allege at least eight conspiracies in a single count if a person relied on the calendar years (2011-2018) alleged in the Indictment.

Sixth case law states that § 666 can only be violated if $5000.00 or more worth of property was stolen in a one year period. *Valentine.* Federal case law explicitly prohibits aggregating individual theft amounts over an expansive, indefinite period of time. *See Valentine* and *Spirito.* Federal case law explicitly requires aggregated thefts occur in the same one year period. *Id.* This Indictment violates those requirements, and by its very nature, alleges multiple conspiracies within the same count. The Indictment is duplicitous and must be dismissed.

### IV. Conclusion

For the foregoing reasons, the Indictment is constitutionally deficient. The Indictment violates the Sixth Amendment by failing to give Mr. Henderson adequate notice. The Indictment violates the Fifth Amendment because the grand jury did not consider and did not find that $5000.00 or more worth of property was stolen in a one year property. Finally, the Indictment is duplicitous because it alleges alleges one conspiracy to commit federal program fraud over a period of approximately ninety-three (93) months without identifying a one year period in which $5,000.00 or more worth of property was stolen or misappropriated. For all of these reasons, the Indictment must be dismissed.

Respectfully submitted on August 12, 2022.

s/ Robert R. Kurtz<br>
Robert R. Kurtz<br>
BPR No. 20832<br>
422 S. Gay St., Ste. 301<br>
Knoxville, TN 37902<br>
865-522-9942<br>
rrkurtz@gmail.com