UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-14-TAV-JEM |
| | ) | |
| DAVID HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties appeared for a motion hearing on Defendant's Motion to Continue [Doc. 32] the November 8, 2022 trial date and Motion to Determine Competency of the Defendant [Doc. 33]. Assistant United States Attorneys Frank M. Dale, Jr., and William A. Roach, Jr., appeared on behalf of the Government. Attorney Robert R. Kurtz represented Defendant Henderson, who was also present.

Defendant asks the Court for a hearing to determine his competency to stand trial, pursuant to 18 U.S.C. § 4241. In the motion, defense counsel asserts that after meeting with Defendant and his family members on multiple occasions, counsel is "gravely concerned with Mr. Henderson's ability to consult with counsel with a reasonable degree of rational understanding and to assist in his own defense" [Doc. 33 p. 1]. The motion relates that Defendant was evaluated by a neuropsychologist on January 18 and September 27, 2022. Counsel for Defendant states that based on these evaluations and other information, the neuropsychologist finds that Defendant is not competent to stand trial because he "lacks the capacity to understand the nature and consequences of the proceedings against him, to consult

with counsel, and to assist in preparing his defense" [*Id.* at 1–2]. Mr. Kurtz notes that he has not yet provided the Government with a copy of the neuropsychologist's report and curriculum vitae ("CV") but will do so [*Id.* at 1 n.1]. In his motion to continue, Defendant contends that the trial should be continued until the competency issue is resolved.

At the motion hearing, Mr. Kurtz related that Defendant suffers from a form of dementia. Defendant retained a neuropsychologist Dr. Malcolm Spica as an expert and had an initial evaluation in January 2022. Between that initial evaluation and a second evaluation in September, Defendant's condition has deteriorated. According to Mr. Kurtz, in Dr. Spica's professional opinion, Defendant is not competent and is not able to assist with his defense. Mr. Kurtz stated that the Court could order a mental evaluation pursuant to § 4241 or, if the Government agrees, the Court could use the report of Defendant's expert. He stated that he has not yet provided Dr. Spica's three-page report and CV to the Government, because he did not know the Court's preference on how to proceed. Mr. Kurtz said while he believed Dr. Spica's three-page report covered the requirements of § 4247, he intended to call Dr. Spica to testify at the competency hearing. He further said that Dr. Spica could not disclose the data underlying his opinion, except to another expert in his field.

AUSA Dale agreed that the Court could find reasonable cause to conduct a competency hearing based upon the information before it. Mr. Dale said he had not seen Dr. Spica's report and, thus, could not determine whether it provides a sufficient basis for the Court to make a competency determination. He asks for time to review Dr. Spica's report, to determine whether another evaluation is necessary, and potentially to find an expert to conduct that evaluation. AUSA Dale agreed that the trial must be continued to allow the Court to resolve the competency

issue. He suggested that Defendant disclose Dr. Spica's report and CV to the Government and the Court to expedite the process.

While indicating in his motion that he would provide opposing counsel with a copy of the expert report and CV, at the hearing, Mr. Kurtz objected to disclosing the report at this time. AUSA Dale responded that he could not evaluate whether Dr. Spica was an appropriate provider to evaluate Defendant's competency without knowing what evaluation he performed and upon what he based his opinion. After additional discussion during the hearing, Mr. Kurtz agreed that it would be difficult for the Government to approve Dr. Spica as an evaluator without reviewing the report. He stated that he was leaning toward sharing Dr. Spica's report with the Government, but he had received the report the day before and needed additional time to review it before doing so.

Based upon defense counsel's experiences with Defendant and his representation that a neuropsychologist has evaluated Defendant and finds he is not able to understand the proceedings or assist in his defense, the Court finds reasonable cause exists to believe that Defendant Henderson may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). The Court therefore **GRANTS** Defendant's motion for a competency hearing [**Doc. 33**]. The Court will conduct a hearing to determine Defendant's competency to stand trial, and a date for that hearing will be set at a later time.

The Court also concludes that a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(b) would assist the Court in making the competency determination. The Court set a hearing for November 8, 2022, at 9:30 a.m., to determine who will conduct the

3

mental evaluation, whether an inpatient or outpatient evaluation is needed, and how long the evaluation may take. The Court encouraged counsel to discuss the evaluation in advance of the hearing. The Court did not order the disclosure of Dr. Spica's report but asked Mr. Kurtz to provide Dr. Spica's CV to the Government and the Court in advance of the hearing. Mr. Kurtz stated he would provide the CV to Government's counsel and Chambers later that day.[1]

Finally, the Court finds it is impossible for the parties to proceed to trial on November 8, 2022, while Defendant Henderson's competency is in question. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Accordingly, the November 8 trial date is removed from the Court's calendar and both the trial date and the motion to continue the trial [Doc. 32] are **HELD IN ABEYANCE** until the matter of Defendant's competency is resolved.

In summary, the Court **ORDERS** as follows:

(1) Defendant's Motion to Determine Competency of the Defendant [**Doc. 33**] is **GRANTED**. The Court finds reasonable cause exists to hold a competency hearing, which will be set at a later time;

(2) The parties shall appear before the undersigned on **November 8, 2022, at 9:30 a.m.**, for a hearing about where and from whom Defendant will receive an evaluation pursuant to 18 U.S.C. § 4241(b); and

(3) The November 8, 2022 trial date is removed from the Court's calendar. Defendant's Motion to Continue [**Doc. 32**] and the trial of this case are **HELD IN ABEYANCE** until the issue of Defendant's competency is resolved.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

---

[1] Defense counsel provided the CV to both the Court and the Government prior to entry of this Memorandum and Order.