UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:22-CR-14-TAV-JEM-1 |
| DAVID HENDERSON, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Jill E. McCook on July 29, 2022 [Doc. 30]. The R&R addresses defendant's Motion to Dismiss Indictment for Failure to State an Offense [Doc. 14] and Motion to Dismiss Indictment Based on Duplicity [Doc. 16]. The government responded [Doc. 26], and Judge McCook held a hearing on June 21, 2022 [Doc. 28]. Judge McCook then issued the R&R [Doc. 30], recommending that the Court deny defendant's motions to dismiss. Defendant has filed objections to the R&R [Doc. 31], and the matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, the Court will **OVERRULE** defendant's objections [Doc. 31], **ACCEPT** and **ADOPT** the R&R [Doc. 30] in whole, and **DENY** defendant's Motion to Dismiss Indictment for Failure to State an Offense [Doc. 14] and Motion to Dismiss Indictment Based on Duplicity [Doc. 16].

I.      Background

The Court presumes familiarity with the facts of this case and will only recite facts necessary to the determination of the instant motions. Moreover, the Court notes that the parties do not object to the factual basis in the R&R, and therefore, the Court will adopt the following facts from the R&R [Doc. 30].

The Grand Jury for the Eastern District of Tennessee returned an Indictment against defendant charging him with one count of conspiracy to commit federal program fraud, in violation of 18 U.S.C. § 371 [Doc. 3]. The Government asserts that defendant was employed by the Knox County Sheriff's Office ("KCSO"), a local governmental agency in Knoxville, Tennessee [*Id.* ¶¶ 1–2]. The KCSO was fully funded by the Knox County government's General Fund, three percent of which came from federal grant money, including federal grants for the housing of federal detainees in the Knox County jail under 18 U.S.C. § 4003 [*Id.* ¶ 3]. The Government asserts that, at all material times, KCSO received more than $10,000 per year in federal grant funds [*Id.* ¶ 4].

Also, at all times material to the allegations set forth in the Indictment, defendant was the Chief of the KCSO Narcotics Unit, which is the KCSO's drug-enforcement unit, and had supervisory authority over all KCSO officers who worked in that unit [*Id.* ¶¶ 5– 6]. The Narcotics Unit maintained a cash fund that consisted of money seized by the KCSO in accordance with state law from criminal defendants and/or enterprises [*Id.* ¶¶ 9–10]. The purpose of the fund was to purchase equipment and supplies for KCSO operations, such as pole cameras [*Id.* ¶ 9]. KCSO officers were

authorized to take money from the fund prior to making an official purchase, or they were authorized to make the purchase first and then seek reimbursement from the fund [*Id.* ¶ 10]. In either case, the KCSO officer was required to submit a receipt for record-keeping purposes. At the end of each month, a KCSO officer would reconcile all purchases made with money from the fund and report those purchases to an employee of the KCSO's Finance Department [*Id.*].

The Narcotics Unit also maintained a credit card, which was used for covert purposes only [*Id.* ¶ 11]. To maintain the security and integrity of ongoing non-public investigations, purchases with the credit card were not disclosed to the public. The card was kept in a safe within the Narcotic Unit's building, and officers who used the card were required to return it to the safe along with all receipts of purchases [*Id.*].

The Government alleges that from in or around 2011 and continuing uninterrupted to in or around September 2018, defendant, together with other unindicted co-conspirators, conspired to commit an offense against the United States—that is, the theft of federal program funds under 18 U.S.C. § 666(a)(1)(A)—in violation of 18 U.S.C. § 371 [*Id.* at 3]. Generally, the Government asserts that defendant and his co-conspirators would unlawfully enrich themselves and others by, among other things: (a) using the Narcotics Unit cash fund to purchase items for their own personal use; (b) using the Narcotics Unit credit card for their own personal use or benefit; (c) concealing and causing the concealment of purchases made with the cash fund and credit card by submitting expense reports and credit-card statements to the Knox County

3

Finance Department and representing that the purchases were made for official purposes when they knew that the purchases were solely for their personal benefit or the personal benefit of their family members, associates, or friends; (d) depriving Knox County of the right to its employees' time and labor during official hours by directing certain subordinate Narcotics Unit officers to perform renovation, remodeling, and construction projects of a purely personal nature at various locations and for the personal benefit of various individuals, including but not limited to defendant's private residence, the private residence of the former Knox County Sheriff, and the private residences of family members, associates, and friends [*Id.* at 3–18].

Defendant subsequently moved to dismiss the indictment on two grounds: (1) failure to state an offense, and (2) duplicity, both in violation of the Fifth and Sixth Amendments [Docs. 14, 16]. Both of defendant's arguments are premised on the fact that the Indictment does not allege an essential element of a violation of 18 U.S.C. § 666(a)(1)(A), that is, that property valued at $5,000 or more was stolen or otherwise misappropriated in any one-year period [Doc. 15, p. 1; Doc. 17, pp. 1–2]. Defendant cites the Sixth Circuit's decision in *United States v. Valentine*, 63 F.3d 459 (6th Cir. 1995), in which the court concluded that the one-year temporal limitation applied to the $5,000 threshold requirement under § 666(a)(1)(a) [Doc. 15, p. 3]. Defendant argues that, because the Indictment does not allege that property worth at least $5,000 or more was taken during a specific one-year period, the Indictment fails to state an offense, has

4

not provided him adequate notice as to the charges he must defend against, and would cause him to be unable to raise a double jeopardy defense in the future [*Id.* at 4–5].

Defendant also argues that, because the Indictment alleges an aggregate property value that was purportedly stolen or misappropriated over approximately 93 months, it alleges multiple conspiracies in one count [Doc. 17, pp. 1–2, 4]. Defendant thus contends it may not be possible for the jury to not reach a unanimous verdict on Count One of the Indictment [*Id.* at 4]. Moreover, he contends that the Indictment does not sufficiently advise him of the charges against him and exposes him to the risk of double jeopardy in the future [*Id.*].

The government responds that the Indictment does not charge defendant with a substantive violation of § 666(a)(1)(A), and therefore, the government is not required to allege or prove the annual $5,000 threshold [Doc. 26, p. 8]. Citing *United States v. Washington*, 715 F.3d 975, 979–80 (6th Cir. 2013) and *United States v. Phillips*, 872 F.3d 803, 806 (6th Cir. 2017), the government contends that it may charge a conspiracy regardless of whether the substantive crime ensues [*Id.*]. The government argues that defendant's reliance on *Valentine* is misplaced, because *Valentine* involved a substantive charge under § 666(a)(1)(A), rather than a conspiracy charge [*Id.* at 8–9]. The government further contends that the Indictment alleges only one conspiracy, and defendant's duplicity argument is grounded in the mistaken belief that the Indictment charges him with a substantive violation of § 666(a)(1)(A) [*Id.* at 9–10]. The government acknowledges that the Indictment alleges multiple incidents of theft over a 93-month

5

period but states that those incidents were merely overt acts in furtherance of the single charged conspiracy [*Id.* at 10].

Defendant replies that, while he is not charged with a substantive violation of § 666(a)(1)(A), the government is using the conspiracy charge to reach back in time to incorporate conduct that would otherwise be barred by the statute of limitations and transform the offense into a "continuing offense" [Doc. 27, p. 4]. Defendant also cites to *United States v. Hines*, 541 F.3d 833, 837 (8th Cir. 2008) for the proposition that each one-year period in which defendant allegedly stole $5,000 or more should be charged as a separate count, and therefore, the Indictment is duplicitous [*Id.* at 4–5]. Defendant contended that one cannot conspire to violate § 666(a)(1)(A) unless the purpose of the conspiracy was to convert property valued at $5,000 or more to personal use in a one-year period [*Id.* at 6].

In the R&R, Judge McCook recommends that the Court deny each of defendant's motions to dismiss the Indictment [Doc. 30]. Judge McCook concluded that whether $5,000 or more worth of property was converted for personal use in a 12-month period is an element of the underlying substantive offense under § 666(a)(1)(A), but the government does not have to prove the elements of that offense to convict defendant of conspiracy [*Id.* at 6]. Judge McCook noted that a conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense [*Id.*]. The R&R cites to *Washington*, in which the Sixth Circuit held that it was enough for the government to prove a defendant knowingly and voluntarily joined an

6

agreement to defraud and a member of the conspiracy took an overt act in furtherance of it and concluded that the same logic applies in this case [*Id.* at 6–7]. Moreover, Judge McCook found defendant's reliance on *Valentine* and *Hines* unpersuasive, because those cases involved a substantive charge of federal program fraud, rather than conspiracy [*Id.* at 7, 9].

Ultimately, Judge McCook concluded that, because conspiracy is a continuing offense, the government was only required to allege an overt act within five years of the Indictment [*Id.* at 8]. Judge McCook found that the Indictment contains the elements of the offense, fairly informs defendant of the charge against which he must defend and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense [*Id.* at 10]. Moreover, Judge McCook found that the Indictment is not duplicitous because it does not set forth separate and distinct crimes in one count, but rather sets forth one count of conspiracy to commit federal program fraud [*Id.*]. In a footnote, Judge McCook also noted that, even if the Indictment were duplicitous, this issue could be cured with a jury instruction on unanimity [*Id.* at 10, n. 5].

In objection, defendant argues that 18 U.S.C. § 371 prohibits two types of conspiracies: (1) conspiracies to commit a substantive offense proscribed by another statute (offense clause conspiracy); and (2) conspiracy to defraud the United States (defraud clause conspiracy) [Doc. 31, p. 4]. Defendant contends that it is undisputed that he is charged under the "offense clause" [*Id.*]. While a conspiracy indictment need not allege every element of the underlying offense, defendant argues that it still must provide

7

adequate notice that he is being charged with a conspiracy to commit the underlying substantive offense [*Id.* at 5]. Defendant cites *United States v. Werme*, 939 F.2d 108, 112 (3d Cir. 1991), *United States v. Hooker*, 841 F.2d 1225 (4th Cir. 1988), *United States v. Kingrea*, 873 F.3d 186 (4th Cir. 2009), and *Nelson v. United States*, 406 F.2d 1136 (10th Cir. 1969) in support of his contention regarding the required notification in the indictment [*Id.* at 5–8]. Defendant contends that the R&R focused on the wrong issue in stating that the government need not prove the elements of federal program fraud to convict defendant of conspiracy, because the issue is not what the government must prove at trial, but rather, whether the Indictment complies with the Sixth Amendment's notice requirement and the Fifth Amendment's requirement that the grand jury consider and find all the elements present [*Id.* at 8–9]. Moreover, citing *Hooker* and *Kingrea*, defendant contends that, contrary to the R&R, a jury instruction cannot cure the Indictment's failure to state an offense against the United States [*Id.* at 9].

Defendant further argues that the Indictment broadens the character and scope of the crime beyond that which Congress defined in the statute and beyond that defined by the Sixth Circuit in *Valentine* by aggregating alleged thefts over a 93-month period, rather than a 1-year period [*Id.*]. Defendant contends that the government's argument that it is not required to allege a violation of the underlying substantive offense because it charged a conspiracy has been rejected by numerous courts [*Id.* at 10]. Ultimately, defendant argues that the Indictment does not provide him with adequate notice as to the charge he must defend against because it is impossible to determine the one-year period

8

in which the alleged theft or misappropriation is to have occurred [*Id.* at 11]. Moreover, although the grand jury considered and found a number of the essential elements for a § 666(a)(1)(A) violation, it did not consider or find that $5,000 or more worth of property was stolen or misappropriated in a one-year period [*Id.*].

As to duplicity, defendant argues that the R&R misstates the relevant issue by finding that the Indictment is not duplicitous because it does not set forth separate and distinct crimes in one count, but rather, sets forth one count of conspiracy [*Id.* at 13]. Defendant contends that the issue is whether an Indictment that charges a single conspiracy to violate § 666(a)(1)(A) over a 93-month period without delineating a one-year period in which $5,000 or more worth of property was stolen alleges multiple conspiracies in a single count [*Id.*]. Defendant argues that, under *Valentine*, the government is required to specify the one-year period in which the theft occurred, but, as it is currently drafted, the Indictment can be read to allege at least eight conspiracies in a single count if a person relied on the calendar years alleged in the Indictment [*Id.* at 13–14].

## II. Standard of Review

The Court reviews *de novo* those portions of the R&R to which the defendant has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Accordingly, the Court considers the R&R, the motions to dismiss, the parties' underlying and supporting briefs, and the defendant's objections, all in light of the applicable law.

9

### III. Analysis

#### A. Failure to State an Offense

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (internal quotation marks and alterations omitted) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). Whether an indictment states an offense is a question of law for the Court to determine. *United States v. Sittenfeld*, 522 F. Supp. 3d 353, 363 (S.D. Ohio 2021).

When an indictment charges a conspiracy, "it is well settled that" the conspiracy indictment need not "allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992) (internal quotation marks and alterations omitted). In reviewing the sufficiency of a conspiracy indictment, the Court must determine "whether the omission complained of deprives the defendant of one of the protections which the guaranty of a grand jury indictment was meant to ensure." *Id.* at 176–77 (internal quotation marks omitted). "To be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime." *Id.* at 177.

Under Section 371,

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any

> manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371. The first portion of this statute, namely, that regarding conspiracy "to commit any offense against the United States" is referred to as the "offense clause," while the second portion, regarding conspiracy "to defraud the United States" is referred to as the "defraud clause." *United States v. Khalife*, 106 F.3d 1300, 1302 (6th Cir. 1997); *United States v. Minarik*, 875 F.2d 1186, 1186 (6th Cir. 1989). "[C]onspiracy to commit an offense against the United States and conspiracy to defraud the United States under section 371 are two separate crimes and the government must allege and prove violation of one clause or the other." *United States v. Kraig*, 99 F.3d 1361, 1366 (6th Cir. 1996). Here, there is no dispute that defendant is charged under § 371's offense clause, with § 666(a)(1)(A) as the underlying substantive offense.

Section 666(a)(1)(A) criminalizes an agent of a state agency embezzling, stealing, obtaining by fraud, or otherwise without authority converting to the use of any person other than the rightful owner, or intentionally misapplying property that (a) is valued at $5,000 or more, and (b) is owned by, or is under the care, custody, or control of such agency. 18 U.S.C. § 666(a)(1)(A). Subsection (b) of § 666 states that "[t]he circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." 18 U.S.C. § 666(b).

11

As defendant correctly points out, the Sixth Circuit has held that "[t]he interrelationship between subsections (a) and (b) of [§ 666] mandate that a one-year limitation likewise attaches to the $5,000 threshold requirement." *Valentine*, 63 F.3d at 463. Citing legislative history, the Sixth Circuit concluded that "Congress intended to expand the federal government's prosecutorial power to encompass significant misapplication of federal funds at a local level" but that "Congress did not intend the statute to reach theft of minimal amounts or theft aggregated over long periods of time." *Id.* Thus, the Sixth Circuit concluded that "a natural reading of the statute requires the $5,000 theft to occur during a one-year period." *Id.* at 464.

So, it is clear that, if defendant were charged with a violation of § 666(a)(1)(A), it would be necessary for the government to allege theft of $5,000 during a one-year period. However, the question in this case is whether the government must allege this element of a violation of § 666(a)(1)(A) when defendant is charged with a conspiracy under the offense clause of § 371, and the underlying offense, or object of the conspiracy, is a violation of § 666(a)(1)(A).

In the Sixth Circuit, "conspiracy itself is a complete offense." *Superior Growers*, 982 F.2d at 177 (discussing drug conspiracy under 21 U.S.C. § 846). Indeed, the Sixth Circuit has held that, when an indictment charges conspiracy to commit an offense "in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." *Id.* at 176 (quoting *United States v. Reynolds*, 762 F.2d 489, 494 (6th

12

Cir. 1985)). In a case involving conspiracy to commit wire fraud, the Sixth Circuit noted that "[i]t is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues" and "a conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense." *United States v. Phillips*, 872 F.3d 803, 806–07 (6th Cir. 2017) (internal quotation marks and alterations omitted). Of particular relevance, in *United States v. Washington*, 715 F.3d 975 (6th Cir. 2013), the Sixth Circuit held that, because a defendant was charged of conspiracy to commit federal program fraud, rather than federal program fraud itself, "the government merely had to prove beyond a reasonable doubt that [the defendant] knowingly and voluntarily joined a conspiracy that intended to fraudulently obtain money and that a member of the conspiracy took at least one overt act in furtherance of the conspiracy." 715 F.3d at 980 (citing 18 U.S.C. § 371).

The Court now reviews the out-of-circuit cases cited by defendant in support of his argument. First, in *Hines*, the Eighth Circuit held that "[s]ignificant longstanding schemes that extend for longer than one year . . . may be charged in multiple counts so long as the $5,000 requirement is met in each one-year time period." 541 F.3d at 837. Hines, however, was charged with a violation of § 666(a)(1)(B), rather than a conspiracy under § 371. *Id.* at 835. Accordingly, the Court does not find *Hines* instructive in this case, where defendant is charged with conspiracy under § 371, rather than a substantive count under § 666.

13

In *Werme*, the defendant was charged with conspiracy to violate the Travel Act, 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371. 939 F.2d at 110. The Third Circuit stated that "[a]n indictment charging a conspiracy under 18 U.S.C. § 371 need not specifically plead all the elements of the underlying substantive offense." *Id.* at 112. Instead, a conspiracy indictment "need only put defendants on notice that they are being charged with a conspiracy to commit the underlying substantive offense." *Id.* While this case reiterates the importance that defendant be on notice of the charge against him, it does not support his argument that, to be properly noticed, the Indictment must allege all of the elements of the underlying substantive offense, in this case, a violation of § 666(a)(1)(A). To the contrary, in *Werme*, the Third Circuit acknowledged that an indictment for a violation under § 371 would not necessarily require pleading of all the elements of the underlying substantive offense. *Id.* at 113. And, indeed, in *Werme*, the Third Circuit found that the relevant indictment was sufficient. *Id.* Accordingly, the Court does not find that *Werme* provides support for defendant's objections.

In *Hooker*, the defendant was charged with a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). 841 F.2d at 1227. The Fourth Circuit concluded that an indictment's failure to allege that the relevant business enterprise affected interstate commerce was a "fatal defect" because this was an essential element of a RICO claim. *Id.* at 1227, 1232. The Fourth Circuit found no significance in the fact that defendant was charged with a conspiracy rather than

14

a substantive crime. *Id.* at 1229. The court stated that "[a]lthough an offense that is the object of a conspiracy need not be delineated in the indictment with the same particularity as a substantive offense, this admonition applies to the statements of fact that 'flesh out' the indictment—not the basic elements of the offense itself." *Id.* (internal citation omitted).

In *Kingrea*, the defendant was convicted under 18 U.S.C. § 371 of conspiring to commit two federal offenses: (1) a violation of 7 U.S.C. § 2156(a)(1), involving animal fighting ventures; and (2) a violation of 18 U.S.C. § 1955, involving illegal gambling businesses. 573 F.3d at 190–91. Following *Hooker*, the Fourth Circuit concluded that the indictment's failure to allege that defendant sponsored or exhibited *an animal* in an animal fighting venture, and, instead, simply alleging that defendant conspired to sponsor and exhibit an animal fighting venture, rendered the indictment insufficient. *Id.* at 191–92. Quoting from *Hooker*, the Fourth Circuit again rejected that the charging of a conspiracy under § 371 impacted the requirement that the government allege all the essential elements of the underlying substantive offense. *Id.* at 192–93.

Similarly, in *Nelson*, the defendant was charged under § 371 with conspiring to transport altered securities in interstate commerce, in violation of 18 U.S.C. § 2314. 406 F.2d at 1136. The Tenth Circuit concluded that "while a conspiracy indictment need not allege the underlying offense with the same degree of specificity that is required to charge the offense itself, 'indictments under the broad language of the general conspiracy

15

statute must be scrutinized carefully.'" *Id.* at 1137 (quoting *Dennis v. United States*, 384 U.S. 855, 860 (1966)). "[T]his scrutiny will be exercised to require an averment of the essential elements upon which the underlying offense rests." *Id.*

A review of *Hooker*, *Kingrea*, and *Nelson* certainly indicates that, in the Fourth and Tenth Circuits, the government may well be required to allege all of the elements of § 666(a)(1)(A) to sufficiently allege a violation of § 371's offense clause. However, it is equally clear, in light of *Werme*, that not every circuit has adopted this approach. In light of such an apparent circuit split, this Court must follow the guidance provided by the Sixth Circuit. And, as discussed in detail previously, the precedent in this circuit supports a conclusion that the government is not required to allege all of the elements of the underlying substantive offense when charging a conspiracy under § 371. Specifically, the Sixth Circuit has held that when an indictment charges conspiracy to commit an offense "in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." *Superior Growers*, 982 F.2d at 176. Moreover, in *Washington*, the Sixth Circuit held that, in the instance of a charge of conspiracy, under § 371, to commit federal program fraud, in violation of § 666, "the government merely had to prove beyond a reasonable doubt that [the defendant] knowingly and voluntarily joined a conspiracy that intended to fraudulently obtain money and that a member of the conspiracy took at least one overt act in furtherance of the conspiracy." 715 F.3d at 980.

16

Related to the *Washington* decision, defendant argues that the magistrate judge erroneously focused on what the government must prove at trial, rather than what the government must allege in the Indictment to comply with the Fifth and Sixth Amendments [Doc. 31, pp. 8–9].  But, it is simply illogical that the government would be constitutionally required to allege an element in an indictment that it is not required to prove at trial.  Accordingly, the Court finds that Sixth Circuit precedent regarding the elements the government must prove for a conspiracy conviction is relevant in determining what the government must allege in the indictment.  But even absent consideration of *Washington*, the Court still finds that Sixth Circuit precedent supports a finding that the government was not required to allege all of the elements of a violation of § 666(a)(1)(A) in this case.

Finally, defendant objects that the R&R erroneously finds that any failure to state an offense in this case could be cured by a jury instruction [Doc. 31, p. 9].  However, the R&R does not state or suggest that a jury instruction could cure any failure to state an offense in this case, but rather, states that a jury instruction could cure any duplicity in the indictment [Doc. 30, p. 10 n.5], as will be discussed in further detail below.

Because the Court finds that the government was not required to allege all of the elements of § 666(a)(1)(A) to adequately state a charge under § 371 in this case, defendant's objections to the R&R's conclusion that his Motion to Dismiss the Indictment for Failure to State an Offense [Doc. 14] should be denied are **OVERRULED**.

17

## B. Duplicitous Indictment

"Duplicitous indictments implicate the protections of the Sixth Amendment guarantee of jury unanimity." *United States v. Shumpert Hood*, 210 F.3d 660, 662 (6th Cir. 2000). "'A duplicitous indictment charges separate offenses within a single count. The overall vice of duplicity is that the jury cannot in a general verdict render its findings on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both.'" *United States v. Anderson*, 605 F.2d 404, 414 (6th Cir. 2010) (quoting *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997)). Generally, "offenses are separate if each requires proof of an additional fact that the other does not." *United States v. Davis*, 306 F.3d 398, 416 (6th Cir. 2002) (internal quotation marks omitted).

The continuous nature of a scheme prevents an indictment from being duplicative. *Anderson*, 605 F.2d at 415. Conspiracy is considered a "continuing offense[.]" *Smith v. United States*, 568 U.S. 106, 111 (2013). Because defendant is charged with the "continuing offense" of conspiracy under § 371, rather than the substantive offense under § 666(a)(1)(A), the Court finds that the indictment is not duplicitous. And, as discussed previously, the Court finds that the government is not required to allege the element that defendant stole at least $5,000 in one year. It therefore follows that an indictment, such as this one, which alleges a conspiracy over more than one year, is not a charge of multiple conspiracies. Furthermore, as the magistrate judge correctly pointed out, to the extent that the Indictment can be deemed to contain any duplicity, such may be cured

18

with appropriate jury instructions, as necessary. *See United States v. Hall*, 979 F.3d 1107, 1127 (6th Cir. 2020). Accordingly, defendant's objections to the magistrate judge's recommendation that his Motion to Dismiss Indictment Based on Duplicity [Doc. 16] be denied are **OVERRULED**.

**IV.  Conclusion**

Upon a careful and *de novo* review of the record and the law, the Court finds that the recommendations contained in the R&R are correct. Thus, defendant's objections [Doc. 31] are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 30] in whole, and incorporates the R&R into this Memorandum Opinion and Order. The Court hereby **DENIES** defendant's Motion to Dismiss Indictment for Failure to State an Offense [Doc. 14] and Motion to Dismiss Indictment Based on Duplicity [Doc. 16].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE