UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-14-TAV-JEM |
| | ) | |
| DAVID HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties appeared for a motion hearing and status conference on the matter of Defendant's competency evaluation. Assistant United States Attorney William A. Roach, Jr., appeared on behalf of the Government. Attorney Robert R. Kurtz represented Defendant Henderson, who was also present.

At a hearing on October 18, 2022, the undersigned granted Defendant's motion for a competency hearing, finding reasonable cause exists to believe that Defendant Henderson may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense [Doc. 35 p. 3]. 18 U.S.C. § 4241(a). The Court also determined that a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(b) would assist the Court in making the competency determination [*Id.*]. At the October 18 hearing, Mr. Kurtz stated that Dr. Malcom Spica, a neuropsychologist who evaluated Defendant in January and September 2022, opines that Defendant is not competent [*Id.* at 2]. Mr. Kurtz proposed the Court use Dr. Spica's evaluation to make its competency determination

but declined to provide Dr. Spica's report at that time [*Id.* at 2–3]. The Government said it needed to see Dr. Spica's report before it could determine whether he would be an appropriate evaluator [*Id.* at 2]. The Court set a hearing for November 8, 2022, to determine who would conduct the mental evaluation and whether an inpatient or outpatient evaluation would be needed [*Id.* at 3–4].

The parties appeared on November 8, 2022, at which time, the Government proposed a neurologist from Nashville, Tennessee, to evaluate Dr. Spica's report, which defense counsel had disclosed to the Government. Mr. Kurtz noted that Dr. Spica's ethical and contractual obligations did not allow him to disclose his testing data to anyone other than another psychologist. At that hearing, the Court found that the statute provides for an evaluation "by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner." 18 U.S.C. § 4247(b). Defense counsel provided Dr. Spica's summary report to the Court, and Mr. Kurtz stated that Dr. Spica could prepare a report that conforms to 18 U.S.C. § 4247(c), if the so Court directed. The Court continued the hearing to November 17, 2022, to allow the parties another opportunity to confer and to propose an appropriate provider, or providers, for the evaluation.

At the November 17 hearing, the Government proposed Dr. Stephen A. Montgomery, a psychiatrist experienced in competency evaluations for criminal defendants, to review Dr. Spica's report and data or to conduct an independent evaluation of Defendant Henderson. AUSA Roach said Dr. Montgomery would travel to Knoxville to perform any necessary evaluation of Defendant. Mr. Kurtz stated that Defendant did not object to an evaluation by Dr. Montgomery, but he noted that Dr. Montgomery would have to associate a psychologist to have access to Dr. Spica's testing data. The Government did not have a time frame for Dr.

Montgomery's evaluation of Dr. Spica's report and data because it did not know how much data was involved. Mr. Kurtz also proposed a local psychologist Dr. Philip Axtel, who had performed a preliminary mental evaluation in another federal case, as a possible evaluator in this case.

As stated above, § 4247(b) permits the Court to designate one or more psychiatrists or psychologists to conduct a mental evaluation of Defendant's competency and to prepare a report to assist the Court in the competency determination. Dr. Spica, a neuropsychologist, has already examined Defendant Henderson. The Court finds that Dr. Spica qualifies to conduct the mental evaluation under § 4247(b) and designates him to provide a report that conforms to § 4247(c), which shall be due within thirty days of the entry of this Order. Mr. Kurtz shall provide a copy of this Memorandum and Order to Dr. Spica. Funding for Dr. Spica's report shall be paid by the Department of Justice, pursuant to the Guide to Judicial Policy, Volume 7, § 320.20.20(b) and 320.20.60(a)(1). Defense counsel shall coordinate with counsel for the Government on payment of Dr. Spica and with Dr. Spica on where to submit requests for payment.

Dr. Spica's curriculum vitae does not reveal that he has experience with forensic competency evaluations in a legal setting. Given that and the Government's argument related to an alternative provider, the Court finds that a second evaluation is appropriate in this case. At this time, however, the Court does not have sufficient information to determine if it will designate Dr. Montgomery to conduct an examination and prepare a report under § 4247(b) and (c). The Court therefore continued the hearing to November 29, 2022, at 4:00 p.m., to allow the Government to provide additional information about (1) whether Dr. Montgomery could

associate a psychologist to review Dr. Spica's data[1] and (2) how long Dr. Montgomery's review of Dr. Spica's findings and/or independent evaluation will take. The Court also informed the parties that the Court would entertain designation of a different provider for purposes of a second evaluation if the parties want to make that request.

In summary, the Court **ORDERS** as follows:

(1) Pursuant to 18 U.S.C. § 4247(b), the Court designates Dr. Spica to prepare a report, in conformity with § 4247(c), of his evaluation of Defendant Henderson. This report shall be submitted to the Court and counsel for the Government within **thirty days** of the entry of this Order. The Department of Justice shall pay for preparation of the report, as directed above; and

(2) The parties shall appear before the undersigned on **November 29, 2022, at 4:00 p.m.**, for a hearing on the Court's designation of a second mental evaluation pursuant to 18 U.S.C. § 4247(b).

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

---

[1] After the hearing, AUSA Roach informed Chambers and defense counsel that Dr. Montgomery can associate a psychologist, Amanda Bitting, Ph.D., to assist with the review of Dr. Spica's data.

4