UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-CR-14-TAV-JEM |
| ) | |
| DAVID HENDERSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties appeared on January 5, 2023, for a motion hearing and status conference on the matter of Defendant's competency evaluation. Assistant United States Attorneys Frank M. Dale, Jr., and William A. Roach, Jr., appeared on behalf of the Government. Attorney Robert R. Kurtz represented Defendant Henderson, whose attendance was excused.

At a hearing on October 18, 2022, the undersigned granted Defendant's motion for a competency hearing, finding reasonable cause exists to believe that Defendant Henderson may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense [Doc. 35 p. 3]. 18 U.S.C. § 4241(a). The Court also determined that a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(b) would assist the Court in making the competency determination [*Id.*]. On November 17, 2022, the undersigned designated Dr. Malcolm Spica, a neuropsychologist who previously examined Defendant in January and September 2022, to provide a report on Defendant's legal

competency in conformity with 18 U.S.C. § 4247(c) [Doc. 39 p. 3]. Mr. Kurtz submitted Dr. Spica's report [Doc. 42, SEALED] to the Court and opposing counsel on December 21, 2022.

When a defendant's competency is in question, the court may order a psychiatric or psychological examination "by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner." 18 U.S.C. § 4247(b). The undersigned previously found that a second evaluation is appropriate in this case [Doc. 39 p. 3]. At the November 17 hearing, the Government proposed Dr. Stephen Montgomery, a psychiatrist in Nashville, Tennessee, with experience in competency evaluations for criminal defendants. Government's counsel related that Dr. Montgomery would review the data from tests performed by Dr. Spica and determine if an additional examination of Defendant was necessary. It asserted that Dr. Montgomery would travel to Knoxville to perform any evaluation or testing of Defendant. Mr. Kurtz stated that Defendant did not object to an evaluation by Dr. Montgomery, but counsel alerted the Court and Government's counsel to some complications related to Dr. Montgomery's review of Dr. Spica's testing data [*Id.* at 2]. Prior to the January 5 hearing, Dr. Montgomery associated a psychologist, who reviewed Dr. Spica's testing data.

At the January 5 hearing, AUSA Roach informed the Court that Dr. Montgomery determined that an independent evaluation of Defendant Henderson is necessary. Dr. Montgomery could perform the evaluation on January 18, 2023. This evaluation will take one and a half to three hours, during which Dr. Montgomery will interview Defendant and possibly administer additional tests. Dr. Montgomery will prepare a written report within three to four weeks after the evaluation. Mr. Kurtz stated the evaluation could take place in his office but he expressed concern about the types of questions that Dr. Montgomery would ask Defendant. The parties agreed to discuss these issues in a conference call prior to the evaluation.

The Court finds that Dr. Montgomery is qualified to conduct a mental evaluation of Defendant Henderson's competency under § 4247(b) and designates him to conduct the evaluation and provide a written report that conforms to § 4247(c). Based upon the January 18 evaluation date, Dr. Montgomery shall provide the report to the Court and counsel for both parties by **February 24, 2023**. The Government agreed to disclose the data from any tests performed by Dr. Montgomery for review by Dr. Spica. This data shall be disclosed on or before **February 24, 2023**. The Court encouraged the parties to confer about the details of the evaluation and resolve any issues in advance so the evaluation may proceed as scheduled. The Court set a competency hearing on **March 9, 2023, at 10:00 a.m.**

In summary, the Court **ORDERS** as follows:

(1) Pursuant to 18 U.S.C. § 4247(b), the Court designates Dr. Stephen Montgomery to conduct a competency evaluation of Defendant Henderson and to prepare a report in conformity with § 4247(c). This report shall be submitted to the Court and counsel for both parties on or before **February 24, 2023**. The Department of Justice shall pay for this evaluation and the preparation of the report, pursuant to the Guide to Judicial Policy, Volume 7, § 320.20.20(b) and 320.20.60(a)(1);

(2) Defendant Henderson is **ORDERED** to submit to an evaluation of his competency to stand trial by Dr. Montgomery. This evaluation is presently scheduled for **January 18, 2023**, in Knoxville, Tennessee;

(3) If Dr. Montgomery performs any tests on Defendant Henderson, he shall share the data from those tests with Dr. Malcom Spica as soon as possible but no later than **February 24, 2023**; and

(4) The parties shall appear before the undersigned for a competency hearing on **March 9, 2023, at 10:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge