UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-14-TAV-JEM |
| | ) | |
| DAVID HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant David Henderson's Motion to Continue [Doc. 32], filed on September 30, 2022, and asking to continue the trial until after the Court determines the issue of Defendant's competency [Doc. 32 p. 2]. The parties appeared before the undersigned on October 18, 2022, for a hearing on the motion [Doc. 34, Minutes]. Assistant United States Attorneys Frank M. Dale, Jr., and William A. Roach, Jr., appeared on behalf of the Government. Attorney Robert R. Kurtz represented Defendant Henderson, who was also present. The Government had no objection to a continuance [Doc. 35 pp. 2–3], and the undersigned held the motion and the trial date in abeyance until the matter of Defendant's competency was resolved [*id*. at 4].

Following Defendant's evaluation by a neuropsychologist and two psychiatrists, the undersigned held a competency hearing on March 9, 2023 [Doc. 58 pp. 2, 10–21]. After the competency hearing, the parties submitted post-hearing briefs [Docs. 55 & 56]. By an Order entered on July 31, 2023, the undersigned found by a preponderance of the evidence that Defendant was incompetent to proceed in this case and committed him to a federal medical facility for a period of up to four months of evaluation and treatment including competency restoration to

determine whether a substantial probability exists that Defendant can be restored to competency [Doc. 58 pp. 24, 27–28].

Defendant self-reported to the Federal Medical Center, Devens in Ayer, Massachusetts, on January 25, 2024, and was evaluated by Dr. Miriam Kissin, Forensic Psychologist, and the staff at FMC Devens from January 25 to May 24, 2024 [*See* Doc. 74 p. 2]. Defendant, who is on conditions of release pending trial, departed FMC Devens on May 24, 2024, and returned to this district [*Id*.; *see* Doc. 60]. Dr. Kissin subsequently provided a Forensic Report to the Court and counsel, which was docketed on June 20, 2024 [Doc. 74 p. 2; *see* Doc. 64, SEALED].

The parties appeared before the undersigned for a status conference and motion hearing on July 10, 2024 [Doc. 66, Minutes]. The parties discussed the scope of the competency restoration hearing, and defense counsel requested time for his expert Dr. Malcom Spica to review Dr. Kissin's data and potentially to examine Defendant. The Court set the restoration hearing for September 24, 2024, and asked the parties to brief the scope of the hearing. On August 12, 2024, the parties filed a Joint Brief Regarding Scope of Hearing Under 18 U.S.C. § 4241(e) [Doc. 70].

After continuing the restoration hearing several times at the parties' request, the Court held the restoration hearing on January 16, 2025 [Doc. 74 p. 3]. The Government presented the testimony of Dr. Kissin, who testified remotely by video. Defendant introduced his medical records from a May 29, 2024 appointment with his treating psychologist [*See id*. at 3–4]. On February 21, 2025, the undersigned found Defendant to be competent to proceed [*Id*. at 13]. Chambers staff contacted the parties, who agreed to a new trial date of August 19, 2025, and a new schedule. Defense counsel confirmed that he discussed the continuance with Defendant Henderson, who agrees to a trial on August 19, 2025, and that the time up to the new trial date is excludable under the Speedy Trial Act.

Based upon the information from the parties, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the time from the October 18, 2022 motion hearing through the Court's July 31, 2023 determination that Defendant was incompetent is excluded as time during which Defendant was undergoing a competency examination and determination. 18 U.S.C. § 3161(h)(1)(A). The Court also finds that to require Defendant to proceed to trial during the time that his competency was in question would have resulted in a miscarriage of justice. *See id*. § 3161(7)(B)(i).

Additionally, the time from the Court's July 31, 2023 finding of incompetence through its February 21, 2025 determination that his competency was restored is excludable as "a period of delay resulting from the fact that the defendant is mentally incompetent[.]" *See id*. § 3161(h)(4). Finally, the Court finds now that Defendant's competency is restored, he needs time to assist counsel with preparing his case for trial. Accordingly, the undersigned concludes that the failure to grant a continuance until the new trial date of August 19, 2025, would deny counsel of the reasonable time necessary to prepare the case for trial despite their due diligence. *See id*. § 3161(h)(1)(7)(B)(iv).

The Court therefore **GRANTS** Defendant's unopposed motion to continue the trial. The trial of this case is reset to August 19, 2025. A new trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the motion hearing on October 18, 2022, and the new trial date of August 19, 2025, is fully excludable under the Speedy Trial Act. *See id*. § 3161(h)(1)(A), (h)(4) & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue [**Doc. 32**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 19, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the motion hearing on **October 18, 2022**, and the new trial date of **August 19, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 18, 2025**;

(5) the parties are to appear before the undersigned for a final pretrial conference on **July 24, 2025, at 11:00 a.m.**;

(6) the deadline for filing motions in limine is **July 28, 2025**, and responses to motions in limine are due on or before **August 11, 2025**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 8, 2025**.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill. E. McCook
United States Magistrate Judge