**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

UNITED STATES OF AMERICA

v.                                                                     No. 3:22-CR-14
                                                                       Varlan

DAVID HENDERSON

_____

**SENTENCING MEMORANDUM SUBMITTED ON**
**BEHALF OF DAVID HENDERSON**

_____

Comes the Defendant, David Henderson, through counsel, and submits the following

Sentencing Memorandum and requests that the Court accept the plea agreement submitted by the

parties after extensive negotiation and pre-trial litigation.  If a plea agreement includes a specific

sentence or sentencing range, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the

Court may accept the agreement if the Court is satisfied that: (1) the agreed sentence is within

the applicable guideline range; or (2)(A) the agreed sentence range is outside the guideline range

for justifiable reasons; and (B) those reasons are set forth with specificity in the statement of

reasons form.  *See* U.S.S.G. §6B1.2(c).

The plea agreement negotiated by the parties allowed the Court and the government to

reallocate significant resources to other matters and investigations and avoided the necessity of a

lengthy jury trial.  The plea agreement negotiated by the parties specifically contemplated the

four months Mr. Henderson spent in BOP custody as well as his medical condition.  As set forth

in more detail below, the sentence agreed to by the parties is sufficient, but not greater than

necessary, to achieve the ends of justice and all the goals of sentencing.

**1. Nature and Circumstances of the Offense**

The factual basis in the plea agreement offers an accurate and complete description of the offense conduct in this case. In short, the Knox County Sheriff's Department had a culture of lax supervision and oversight while Mr. Henderson was the Chief Deputy of the KCSO Narcotics Unit during the relevant time frame. While he was the Chief Deputy of the Narcotics Unit, Mr. Henderson used and was directed to use KCSO resources and materials for the benefit of a number of different individuals. Mr. Henderson personally benefitted from the use of KCSO resources. Many of the purchases at issue in this case were ostensibly for law enforcement purposes. In practice, although the purchases may have been related to legitimate law enforcement activity, many of the purchases were not used for law enforcement purposes or were converted to personal use. In addition, Mr. Henderson was directed to use (and/or directed) subordinate officers for the purpose of completing personal projects for himself and others during normal work hours. These activities were not related to legitimate law enforcement activity.

The parties agreed that Mr. Henderson would be held responsible for a loss amount between $40,000 - $95,000. The parties agreed to a restitution amount of $20,591. Finally, Mr. Henderson served four months in the custody of the Bureau of Prisons while he was undergoing competency restoration. Accordingly, the parties agreed to a sentence of time served followed by one year of supervised release.

**2. History and Character of David Henderson**

Mr. Henderson is 66 years old with no prior criminal history. Mr. Henderson served in law enforcement for twenty-five years before he retired from the KCSO in 2019. Notably, Mr.

Henderson has been diagnosed with probable Lewy Body Dementia. Although the extent of Mr. Henderson's cognitive decline has been the subject of extensive pre-trial litigation, there appears to be no question that Mr. Henderson is suffering from significant cognitive decline.

Mr. Henderson's medical records are in the Court record from earlier litigation in this case. Rather than re-introducing those records, Mr. Henderson will briefly summarize the relevant records. Mr. Henderson was a patient at the University of Tennessee Medical Center Pat Summit Clinic. Mr. Henderson was initially referred to the Pat Summit Clinic for evaluation due to memory loss in December, 2021. At that time. Mr. Henderson reported having trouble with remembering recent conversations and difficulty with directions. Mr. Henderson was diagnosed with mild cognitive impairment with the most affected domains being memory and executive function.

Approximately one month later, Mr. Henderson was evaluated by a neurologist at the Pat Summit Clinic after undergoing a PET scan. The neurologist believed Mr. Henderson was suffering from some form of dementia with a growing concern for Lewy body dementia. Mr. Henderson was prescribed donepezil to help slow his cognitive decline. The neurologist recommended a neuropsychological exam in six months.

During a follow-up visit in July, 2022, it was reported that Mr. Henderson was experiencing continued cognitive decline. Mr. Henderson was unable to manage the family finances and was increasingly at risk of falling. Three months later, in October, 2022, Mr. Henderson underwent a neuropsychological examination at the Pat Summit Clinic. The evaluator diagnosed Mr. Henderson with major neurocognitive disorder.

More recently, in May, 2024, doctors at the Pat Summit Clinic found that Mr.

Henderson's cognitive impairment was consistent with dementia with Lewy bodies. Mr. Henderson was prescribed Rivastigmine to treat dementia and Nuedexta to treat his collateral neurological symptoms.

Mr. Henderson's medical condition appears to have stabilized in recent months. Nonetheless, this is a chronic and progressive condition that will only worsen over time. Mr. Henderson is elderly and is particularly vulnerable due to his mental and physical health.

**3. The need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**.

The need to reflect the seriousness of the offense, promote respect for the law and provide just punishment in this case will be achieved through the resolution negotiated by the parties. At the time of sentencing, Mr. Henderson will have served four months in custody. More importantly, Mr. Henderson will have been on pre-trial release for more than four years. During that time, Mr. Henderson has demonstrated his ability and willingness to abide by the Court's orders. The Court will continue to exercise jurisdiction over Mr. Henderson while he is on supervised release.

**4. The need to afford adequate deterrence to criminal conduct.**

The negotiated resolution in this case will serve as a specific deterrent to Mr. Henderson and as a general deterrent to others who would contemplate similar criminal conduct. Mr. Henderson will live with the stigma of being a convicted felon and will lose valuable civil rights. These penalties are particularly consequential for an elderly person who has no criminal history and worked in the public sector for most of his professional career.

**5. The need to protect the public from further crimes of the defendant.**

There does not appear to be a need to protect the public from Mr. Henderson in this case.

Mr. Henderson is fully retired and unable to work due to his health. During the four years that he has been on pretrial release, Mr. Henderson has demonstrated his ability to comply with local, state, and federal laws and to comply with all the conditions of his pretrial release. Mr. Henderson does not pose an appreciable risk of re-offending.

**6. The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Mental health and medical treatment for Mr. Henderson's condition will be most effective in a community setting. Mr. Henderson has no history of behavioral issues or substance abuse. Mr. Henderson has no prior criminal history. There is no need for additional correctional treatment.

**7. The kinds of sentences available and the range established by the Guidelines and the need to avoid disparities.**

Mr. Henderon has a total offense level of 13 (Zone C), criminal history category I, with an advisory guideline range of 12 - 18 months. The negotiated resolution of this case accounted for the four months Mr. Henderson spent in BOP custody as well as Mr. Henderson's ongoing medical issues. Although the PSR includes relevant JSIN data, it is important to note that 38% of all defendants sentenced in FY 2020-2024 under U.S.S.G. §2B1.1 received a sentence of probation or were sentenced to a fine only. Mr. Henderson's sentence of time served (4 months) with one year of supervised release is consistent with the national sentencing data relevant to this case.

**8. Any pertinent policy statements issued by the Sentencing Commission**

There are no pertinent policy statements relevant to this case.

**9. Restitution to Victims**

The parties have agreed to restitution and will submit an appropriate order to the Court.

For the foregoing reasons, the defendant respectfully requests that the Court accept the resolution negotiated by the parties and impose a sentence of time served followed by one year of supervised release..

Respectfully submitted on February 24, 2026.

s/ Robert R. Kurtz
Robert R. Kurtz
BPR No. 20832
625 Market Street, Ste. 901
Knoxville, TN 37902
865-522-9942
rrkurtz@gmail.com
